Richard M. Garbarini (RG 5496)
GARBARINI FITZGERALD P.C.
250 Park Ave, 7th Floor
New York, New York 10177
Phone: (212) 300-5358
Fax: (888) 265-7054

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x

POSEIDON WAVE MEDIA LLC,

                Plaintiff,

          v.

COGNIFIT INC., BEREAN ASSEMBLY OF GOD,
and BAY AREA WOMENS SPORTS INITIATIVE,
INC.

                Defendants.

-----------------------------------------------------------------x

Case No.: 26-cv-2835

**ECF CASE**

**COMPLAINT AND JURY DEMAND
FOR DAMAGES FOR COPYRIGHT
INFRINGEMENT**

Plaintiff POSEIDON WAVE MEDIA LLC, by and through the undersigned counsel,
brings this Complaint and Jury Demand against defendants COGNIFIT INC., BEREAN
ASSEMBLY OF GOD, and BAY AREA WOMENS SPORTS INITIATIVE, INC. for damages
based on copyright infringement and related claims pursuant to the Copyright Act and Copyright
Revisions Act, 17 U.S.C. §§ 101, et seq. ("the Copyright Act" or "Act") and violations of the
Digital Millennium Copyright Act, 17 U.S.C. §§ 1201-05 (the "DMCA"). Plaintiff alleges
below, upon personal knowledge as to itself, and upon information and belief as to other matters
so indicated.

## JURISDICTION AND VENUE

1. This court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 (federal
question jurisdiction) and 1338(a) (jurisdiction over copyright actions).

**SPECIFIC JURISDICTION**

2. Plaintiff is the sole owner of all rights to the musical recordings and compositions titled: (i) "Faces in the Haze (Ambient)" – U.S. Copyright Registration No. SR 708-494; (ii) "Bump" – U.S. Copyright Registration No. SR 713-282; (iii) "Anything You Synthesize" – U.S. Copyright Registration No. SR 713-287; (iv) "Oracle" – U.S. Copyright Registration No. SR 708-475; (v) "First Day" – U.S. Copyright Registration No. SR 708-490,  (vi) "We're Hitting Everything" - U.S. Copyright Reg. No.: SR 713-288, and (vii) "Glow" – U.S. Copyright Registration No. SR 708-511 (the "Copyrighted Tracks").

3. Defendants are nondomiciliaries headquartered out-of-state.

4. Each of the defendants, without a license or authority, reproduced, synchronized, distributed, and publicly displayed one or more of plaintiff's Copyrighted Tracks as described in detail below.

5. Each of the defendants intentionally infringed plaintiff's exclusive rights to one or more of its Copyrighted Tracks.

6. Defendants unlicensed reproduction, public display, distribution, and synchronization of one or more of the Copyrighted Tracks are intentional torts committed outside the state.

7. Each of the defendants was put on notice of its infringing activity numerous times, but elected to continue to infringe after each notice.

8. Each of the defendants derives significantly all of its revenue from interstate commerce.

9. Plaintiff suffered a particularized injury in this Judicial District from the intentional torts of each of the defendants in this Judicial District as described below.

10. Defendants were put on notice that their infringing activity was having consequences in this state, but elected to continue to infringe, knowing its actions would have consequences in this state.

11. One or more of the Copyrighted Tracks were used by each of the defendant to promote their products, services and/or overall institution.

12. Jurisdiction is conferred to this Court over defendants pursuant to CPLR § 302(a)(3)(ii).

## VENUE

13. At bar, a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1)-(3).

## DUE PROCESS

14. There are no due process concerns in light of the fact that defendants committed intentional torts against plaintiff knowing their unlawful acts would have an effect in this Judicial District.

## PARTIES

15. Plaintiff POSEIDON WAVE MEDIA LLC is a limited liability company formed under the laws of Wyoming with a primary headquarters located at 75-10 197th St, 2nd Floor, Flushing, NY 11366.

16. Upon information and belief, defendant COGNIFIT INC. ("COGNIFIT") is a corporation organized under the laws of Delaware with a primary headquarters located at 600 California Street, 11th Floor, San Francisco, CA 94108.

17. Upon information and belief, defendant BEREAN ASSEMBLY OF GOD ("BEREAN") is a faith-based non-profit corporation organized under the laws of Oregon with a primary headquarters located at 147 75th St., Springfield, OR 97478.

3

18.     Upon information and belief, defendant BAY AREA WOMENS SPORTS INITIATIVE, INC. ("BAWSI") is a corporation organized under the laws of Delaware with a primary headquarters located at 2635 N 1st St Ste 149, San Jose, CA 95134-2043.

**FACTS**

19.     Plaintiff is the sole owner of all rights to the musical recordings and compositions titled: (i) "Faces in the Haze (Ambient)" – U.S. Copyright Registration No. SR 708-494; (ii) "Bump" – U.S. Copyright Registration No. SR 713-282; (iii) "Anything You Synthesize" – U.S. Copyright Registration No. SR 713-287; (iv) "Oracle" – U.S. Copyright Registration No. SR 708-475; (v) "First Day" – U.S. Copyright Registration No. SR 708-490,  (vi) "We're Hitting Everything" - U.S. Copyright Reg. No.: SR 713-288, and (vii) "Glow" – U.S. Copyright Registration No. SR 708-511  (the "Copyrighted Tracks"). See **Exhibit 1.**

20.     The two members of plaintiff are the sole authors of the Copyrighted Tracks.

21.     Each of the defendants, without license or authority, obtained access to, and reproduced one or more of the Copyrighted Tracks.

22.     Each of the defendants, without license or authority, synchronized one or more of the Copyrighted Tracks to video advertisements, and publicly displayed the video advertisements on the respective defendants' YouTube pages.

23.     Each of the defendants has infringed plaintiff's exclusive rights as set forth in Section 106 of the Act, and its knowledge of the infringement and failure to comply with notice satisfies the "reckless disregard" standard entitling plaintiff to two enhanced statutory damage awards as set forth in Section 504(c)(2) of the Act.

24.     Each of the defendants deliberately failed to include any identifying information in their respective Infringing Advertisements.  Defendants' acts functioned to hide their

4

respective infringing conduct from plaintiff.  Specifically, each of defendants' Infringing Advertisements omits the respective Copyrighted Tracks' title, album name, author, label, and copyright owner.

25. Each of the defendants' acts of removal and/or failure to include any copyright management information ("CMI") after notice, are violations of 17 U.S.C. § 1202 – the DMCA. Plaintiff is entitled to up to $25,000 for each violation of the DMCA pursuant to Section 1203 of the DMCA, plus reasonable costs and attorneys' fees.

26. Defendants also damaged plaintiff by the forced association of the Copyrighted Tracks with each of the defendants.

27. The damage resulting from the lost licensing revenue due to the forced association with defendant will be determined at trial.

**FACTS SPECIFIC TO DEFENDANT COGNIFIT**

28. Defendant COGNIFIT caused to be created a video advertisement titled "Dr. Breznitz in Redes - Part 2" ("Infringing Video I").

29. Defendant COGNIFIT, without license or authority, reproduced and synchronized the Copyrighted Track "We're Hitting Everything" to Infringing Video I.  Defendant COGNIFIT then, without license or authority, distributed the Infringing Video you YouTube and publicly displayed the Infringing Video on its YouTube page located at <www.youtube.com/watch?v=nKaVjfaGQXk>.

30. At no time did the defendant COGNIFIT have a right to use the Copyrighted Track "We're Hitting Everything" in any manner.

31. On or about April 18, 2025, plaintiff served defendant COGNIFIT with a notice to cease-and-desist its acts of infringement. See **Exhibit 2**.

32.     Defendant COGNIFIT, however, elected to ignore plaintiff's April 18, 2025 cease-and-desist and continued to infringe.

33.     After defendant COGNIFIT refused to cease-and-desist, plaintiff's counsel sent a further demand to cease-and-desist on or about November 24, 2025. See **Exhibit 3**.

34.     Plaintiff's counsel made several additional attempts to resolve this matter, including sending a draft of the complaint against defendant COGNIFIT.  Defendant COGNIFIT, however, refused to discussed any possible resolution, resulting in the present action.

35.     Defendant COGNIFIT did not have the right to copy, distribute, publicly display, or synchronize the Copyrighted Track "We're Hitting Everything".

36.     Defendant COGNIFIT infringed plaintiff's exclusive rights as set forth in Section 106 of the Act, and its knowledge of the infringement and failure to comply with notice entitles plaintiff to an enhanced statutory damage awards as set forth in Section 504(c)(2) of the Act.

**FACTS SPECIFIC TO DEFENDANT BEREAN**

37.     Defendant BEREAN is a faith-based institution.

38.     Defendant BEREAN created at least ten (10) infringing advertisements (the "BEREAN Infringing Advertisements").

39.     Defendant Berean, without license or authority, reproduced, distributed, publicly displayed, and synchronized the Copyrighted Tracks titled: (i) "Faces in the Haze (Ambient)" – U.S. Copyright Registration No. SR 708-494; (ii) "Bump" – U.S. Copyright Registration No. SR 713-282; (iii) "Anything You Synthesize)" – U.S. Copyright Registration No. SR 713-287; (iv) "Oracle" – U.S. Copyright Registration No. SR 708-475; and (v) "First Day" – U.S. Copyright

Registration No. SR 708-490to at least (10) promotional Videos (the "BEREAN INFRINGED COPYRIGHTED TRACKS") to the BEREAN Infringing Advertisements.

40.     Below is a chart of defendant's unlicensed uses of the BEREAN INFRINGED COPYRIGHTED TRACKS in the BEREAN Infringing Advertisements.

| Title | URL | Copyrighted Track | Time Stamp |
|---|---|---|---|
| The Wonder of Hope - Live Stream 11/27/2022 | www.youtube.com/watch?v=tOtbPOb2wj8 | Faces in the Haze (Ambient)<br><br>Bump | 25:40<br><br><br>26:15 |
| The Wonder of peace - Live Stream 12/4/2022 | www.youtube.com/watch?v=LA8NbCnIc1A | Faces in the Haze (Ambient)<br><br>Bump | 27:15<br><br><br>27:57 |
| The Wonder of Joy - Live Stream 12/11/2022 | www.youtube.com/watch?v=3OEL187Rg5o | Faces in the Haze (Ambient)<br><br>Bump | 31:13<br><br><br>33:02 |
| Neighborhoods & Nations Convention - Live Stream 11/13/2022 | www.youtube.com/watch?v=AA9_K3y4BIM | Faces in the Haze (Ambient)<br><br>Anything You Synthesize | 33:39<br><br><br><br>36:55 |
| Take Courage part 1- Live Stream 3/5/2023 | www.youtube.com/watch?v=1jpOUktH69o | Oracle | 31:07 |

| | | | |
|---|---|---|---|
| Pray This Way 4 - Sin-Debt - Live Stream 11/6/2022 | www.youtube.com/watch?v=1hGL-JNmnqE | First Day | 40:55 |
| Fall Family Fun Fest at Berean - Sunday, October 30 at 4-6 PM | www.youtube.com/watch?v=1hGL-JNmnqE | First Day | Start |
| Fall Family Fun Fest - Volunteers Needed | www.youtube.com/watch?v=LoygEsZD_nk | First Day | Start |
| Fall Family Fun Fest Details | www.youtube.com/watch?v=YXPai38CvMs | First Day | Start |
| Family Sunday – Guest Illusionist: Scott Wolff – Live Stream 10/30/2022 | https://www.youtube.com/watch?v=R9LNJLGPRfA | First Day | Start |

41. Defendant BEREAN, without license or authority, distributed the Infringing the BEREAN Infringing Advertisements to YouTube where they were publicly displayed on defendant BEREAN's YouTube and Facebook pages.

42. Defendant BEREAN also publicly performed the BEREAN INFRINGED COPYRIGHTED TRACKS without a license or authority.

43. At no time did defendant BEREAN have a right to use either of the BEREAN INFRINGED COPYRIGHTED TRACKS in any manner.

44. On or about April 18, 2025, plaintiff served defendant BEREAN with a notice to cease-and-desist its acts of infringement. See **Exhibit 4**.

45. Defendant BEREAN refused to respond to plaintiff's April 18, 2025 cease-and-desist, and continued to infringe the BEREAN INFRINGED COPYRIGHTED TRACKS.

46. On November 24, 2025, plaintiff's counsel sent a further cease-and-desist. See **Exhibit 5**.

47. Plaintiff's counsel sent several additional demands to defendant BEREAN, including a final demand to cease-and-desist, and most recently a draft of the within complaint against defendant BEREAN. See **Exhibit 6**. To date, BEREAN has yet to respond.

48. Defendant BEREAN did not have the right to copy, distribute, publicly perform, publicly display, or synchronize the BEREAN INFRINGED COPYRIGHTED TRACKS

49. Defendant BEREAN infringed plaintiff's exclusive rights as set forth in Section 106 of the Act, and its knowledge of the infringement and failure to comply entitles plaintiff to five (5) enhanced statutory damage awards as set forth in Section 504(c)(2) of the Act.

50. Plaintiff also maintains a strict policy of not issuing a license to organizations involved in politics, faith-based, gambling, alcohol, and drugs because they erode future licensing opportunities.

51. The forced association of the BEREAN INFRINGED COPYRIGHTED TRACKS with defendant BEREAN, a faith-based organization, has damaged the subject Copyrighted Tracks in an amount to be determined at the trial of this action.

## FACTS SPECIFIC TO DEFENDANT BAWSI

52. Defendant BAWSI caused to be created a video advertisement titled "Thank You!" (the "BAWSI Infringing Advertisement").

53. Defendant BAWSI, without license or authority, reproduced and synchronized the Copyrighted Track "Glow" to the BAWSI Infringing Advertisement. Defendant BAWSI then, without license or authority, distributed the BAWSI Infringing Advertisement to YouTube and publicly displayed the BAWSI Infringing Advertisement on its YouTube page located at <www.youtube.com/watch?v=Wi5RJQNIAMQ>.

54. At no time did the defendant BAWSI have a right to use either of the Copyrighted Track "Glow" in any manner.

55. On or about April 19, 2025, plaintiff served defendant BAWSI with a notice to cease-and-desist its acts of infringement. See **Exhibit 7**.

56. Defendant BAWSI, however, elected to ignore plaintiff's April 19, 2025 cease-and-desist and continued to infringe.

57. On November 24, 2025, plaintiff's counsel sent a further cease-and-desist. See **Exhibit 8.**

58. Plaintiff's counsel sent several additional demands to defendant BAWSI, including a draft of the complaint against defendant BAWSI. To date, BAWSI has yet to respond.

59. Defendant BAWSI did not have the right to copy, distribute, publicly display, or synchronize the subject Copyrighted Track.

60. Defendant BAWSI infringed plaintiff's exclusive rights as set forth in Section 106 of the Act, and its knowledge of the infringement and failure to comply with notice satisfies the "reckless disregard" standard entitling plaintiff to two enhanced statutory damage awards as set forth in Section 504(c)(2) of the Act.

**FIRST CLAIM FOR RELIEF**
**COPYRIGHT INFRINGEMENT**
(Against All Defendants)

61. Plaintiff incorporates the allegations contained in the preceding paragraphs as if set forth here at length here.

62. It cannot be disputed that plaintiff has valid, registered copyrights, and owns all rights to the Copyrighted Tracks.

63. Each of the defendants, without authority from plaintiff, reproduced, distributed, publicly displayed, and synchronized one or more of plaintiff's Copyrighted Tracks.

64. Each of the defendant created and displayed the respective Infringing Advertisements for the sole purpose of commercial gain.

65. Each of the defendants refused to cease and desist after demand from plaintiff.

66. Each of the defendants' use of the respective Copyrighted Tracks was not for criticism, comment, news reporting, teaching, scholarship, or research.

67. Each of the defendants' use of the respective Copyrighted Tracks was not transformative.

68. Each of the defendants elected to reproduce, synchronize, and/or distribute the respective Copyrighted Track without a license.

69. As a direct and proximate result of each of the defendants' acts of infringement of plaintiff's exclusive rights to the Copyrighted Tracks as set forth in Section 106 of the Act, plaintiff has incurred damages, and requests an award of defendant's profits in excess of plaintiff's compensatory damages, and plaintiff's compensatory damages, plus costs, interest, and reasonable attorneys' fees. Plaintiff may also elect to recover two statutory damage awards

11

pursuant to 17 U.S.C. § 504(c)(2) for willful infringement/reckless disregard of up to $150,000, but not less than $30,000 plus costs, interest, and reasonable attorneys' fees.

**SECOND CLAIM FOR RELIEF**
**VIOLATION OF DMCA OF 1998, AS AMENDED,**
**17 U.S.C. §§ 1201, et seq**.

70.     Plaintiff incorporates the allegations contained in the preceding paragraphs as if set forth at length here.

71.     Plaintiff always distributes its copyrighted recording, including the Copyrighted Tracks here, with CMI including the title, author, label, and name of the copyright owner.

72.     Each of the defendants could not have obtained a copy of the master recording for the respective Copyrighted Tracks without this information.

73.     Master recordings are tightly controlled by plaintiff to prevent unauthorized commercial use – like the infringing use at issue here.

74.     A master recording is an authenticated and unbroken version of a musical recording (typically 96 kHz / 24 bit) with the highest-possible resolution—as flawless as it sounded in the mastering suite.

75.     Each of the defendants' Infringing Advertisements is synchronized to a very high-resolution copy of the respective Copyrighted Tracks.  This high-resolution version cannot be obtained without copyright management information being included.

76.     Each of the defendants removed plaintiff's CMI, and then made duplicate copies, synchronized, publicly displayed, and/or distributed the respective Copyrighted Tracks without plaintiff's CMI.

77.     Each of the defendants failed to include any information which identified the respective Copyrighted Tracks, the author of the Copyrighted Tracks, the owner of any right in

12

the Copyrighted Tracks, or information about the terms and conditions of use of the Copyrighted Tracks.

78. Each of the defendants continued to publicly display the respective Infringing Advertisements with no attribution after YouTube, and plaintiff separately informed each defendant that it was infringing plaintiff's rights to the respective Copyrighted Tracks.

79. Each of the defendants violated the DMCA each time it wrongfully distributed the Infringing Advertisement(s).

80. Each of the defendants did the forgoing with the intent to conceal the infringement.

81. Plaintiff seeks award of statutory damages for each violation of Section 1202 of the DMCA in the sum of $25,000.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for judgment against each defendant, and awarding plaintiff as follows:

1. restitution of each of the defendant's unlawful proceeds in excess of plaintiff's compensatory damages;

2. compensatory damages in an amount to be ascertained at trial;

3. statutory damages awards to plaintiff according to proof, including but not limited to all penalties authorized by the Copyright Act (17 U.S.C. §§ 504(c)(1), 504(c)(2));

4. an award of statutory damages for each violation by defendants of the DMCA, 17 U.S.C. § 1202;

5. reasonable attorneys' fees and costs (17 U.S.C. § 505);

6. pre- and post-judgment interest to the extent allowable; and,

7. such other and further relief that the Court may deem just and proper.

Plaintiff hereby demands a trial by jury of all issues so triable.

Dated: May 10, 2026             **GARBARINI FITZGERALD P.C.**
       New York, New York

By:                              
Richard M. Garbarini (RG 5496)