Richard M. Garbarini (RG 5496)
GARBARINI FITZGERALD P.C.
250 Park Ave, 7th Floor
New York, New York 10177
Phone: (212) 300-5358
Fax: (888) 265-7054

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------x

| | |
|---|---|
| POSEIDON WAVE MEDIA LLC, | Case No.: 26-cv-2835 |
| Plaintiff, | **ECF CASE** |
| v. | **COMPLAINT AND JURY DEMAND FOR DAMAGES FOR COPYRIGHT INFRINGEMENT** |
| COGNIFIT INC., BEREAN ASSEMBLY OF GOD, and BAY AREA WOMENS SPORTS INITIATIVE, INC. | |
| Defendants. | |

------------------------------------------------------------------x

Plaintiff POSEIDON WAVE MEDIA LLC, by and through the undersigned counsel,

brings this Complaint and Jury Demand against defendants COGNIFIT INC., BEREAN

ASSEMBLY OF GOD, and BAY AREA WOMENS SPORTS INITIATIVE, INC. for damages

based on copyright infringement and related claims pursuant to the Copyright Act and Copyright

Revisions Act, 17 U.S.C. §§ 101, et seq. ("the Copyright Act" or "Act") and violations of the

Digital Millennium Copyright Act, 17 U.S.C. §§ 1201-05 (the "DMCA"). Plaintiff alleges

below, upon personal knowledge as to itself, and upon information and belief as to other matters

so indicated.

## JURISDICTION AND VENUE

1. This court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 (federal

question jurisdiction) and 1338(a) (jurisdiction over copyright actions).

**SPECIFIC JURISDICTION**

2.      Plaintiff is the sole owner of all rights to the musical recordings and compositions titled: (i) "Faces in the Haze (Ambient)" – U.S. Copyright Registration No. SR 708-494; (ii) "Bump" – U.S. Copyright Registration No. SR 713-282; (iii) "Anything You Synthesize" – U.S. Copyright Registration No. SR 713-287; (iv) "Oracle" – U.S. Copyright Registration No. SR 708-475; (v) "First Day" – U.S. Copyright Registration No. SR 708-490,  (vi) "We're Hitting Everything" - U.S. Copyright Reg. No.: SR 713-288, and (vii) "Glow" – U.S. Copyright Registration No. SR 708-511 (the "Copyrighted Tracks").

3.      Defendants are nondomiciliaries headquartered out-of-state.

4.      Each of the defendants, without a license or authority, reproduced, synchronized, distributed, and publicly displayed one or more of plaintiff's Copyrighted Tracks as described in detail below.

5.      Each of the defendants intentionally infringed plaintiff's exclusive rights to one or more of its Copyrighted Tracks.

6.      Defendants unlicensed reproduction, public display, distribution, and synchronization of one or more of the Copyrighted Tracks are intentional torts committed outside the state.

7.      Each of the defendants was put on notice of its infringing activity numerous times, but elected to continue to infringe after each notice.

8.      Each of the defendants derives significantly all of its revenue from interstate commerce.

9.      Plaintiff suffered a particularized injury in this Judicial District from the intentional torts of each of the defendants in this Judicial District as described below.

2

10. Defendants were put on notice that their infringing activity was having consequences in this state, but elected to continue to infringe, knowing its actions would have consequences in this state.

11. One or more of the Copyrighted Tracks were used by each of the defendant to promote their products, services and/or overall institution.

12. Jurisdiction is conferred to this Court over defendants pursuant to CPLR § 302(a)(3)(ii).

**VENUE**

13. At bar, a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1)-(3).

**DUE PROCESS**

14. There are no due process concerns in light of the fact that defendants committed intentional torts against plaintiff knowing their unlawful acts would have an effect in this Judicial District.

**PARTIES**

15. Plaintiff POSEIDON WAVE MEDIA LLC is a limited liability company formed under the laws of Wyoming with a primary headquarters located at 75-10 197th St, 2nd Floor, Flushing, NY 11366.

16. Upon information and belief, defendant COGNIFIT INC. ("COGNIFIT") is a corporation organized under the laws of Delaware with a primary headquarters located at 600 California Street, 11th Floor, San Francisco, CA 94108.

17. Upon information and belief, defendant BEREAN ASSEMBLY OF GOD ("BEREAN") is a faith-based non-profit corporation organized under the laws of Oregon with a primary headquarters located at 147 75th St., Springfield, OR 97478.

3

18. Upon information and belief, defendant BAY AREA WOMENS SPORTS INITIATIVE, INC. ("BAWSI") is a corporation organized under the laws of Delaware with a primary headquarters located at 2635 N 1st St Ste 149, San Jose, CA 95134-2043.

**FACTS**

19. Plaintiff is the sole owner of all rights to the musical recordings and compositions titled: (i) "Faces in the Haze (Ambient)" – U.S. Copyright Registration No. SR 708-494; (ii) "Bump" – U.S. Copyright Registration No. SR 713-282; (iii) "Anything You Synthesize" – U.S. Copyright Registration No. SR 713-287; (iv) "Oracle" – U.S. Copyright Registration No. SR 708-475; (v) "First Day" – U.S. Copyright Registration No. SR 708-490, (vi) "We're Hitting Everything" - U.S. Copyright Reg. No.: SR 713-288, and (vii) "Glow" – U.S. Copyright Registration No. SR 708-511 (the "Copyrighted Tracks"). See **Exhibit 1.**

20. The two members of plaintiff are the sole authors of the Copyrighted Tracks.

21. Each of the defendants, without license or authority, obtained access to, and reproduced one or more of the Copyrighted Tracks.

22. Each of the defendants, without license or authority, synchronized one or more of the Copyrighted Tracks to video advertisements, and publicly displayed the video advertisements on the respective defendants' YouTube pages.

23. Each of the defendants has infringed plaintiff's exclusive rights as set forth in Section 106 of the Act, and its knowledge of the infringement and failure to comply with notice satisfies the "reckless disregard" standard entitling plaintiff to two enhanced statutory damage awards as set forth in Section 504(c)(2) of the Act.

24. Each of the defendants deliberately failed to include any identifying information in their respective Infringing Advertisements. Defendants' acts functioned to hide their

4

respective infringing conduct from plaintiff.  Specifically, each of defendants' Infringing Advertisements omits the respective Copyrighted Tracks' title, album name, author, label, and copyright owner.

25.     Each of the defendants' acts of removal and/or failure to include any copyright management information ("CMI") after notice, are violations of 17 U.S.C. § 1202 – the DMCA. Plaintiff is entitled to up to $25,000 for each violation of the DMCA pursuant to Section 1203 of the DMCA, plus reasonable costs and attorneys' fees.

26.     Defendants also damaged plaintiff by the forced association of the Copyrighted Tracks with each of the defendants.

27.     The damage resulting from the lost licensing revenue due to the forced association with defendant will be determined at trial.

### FACTS SPECIFIC TO DEFENDANT COGNIFIT

28.     Defendant COGNIFIT caused to be created a video advertisement titled "Dr. Breznitz in Redes - Part 2" ("Infringing Video I").

29.     Defendant COGNIFIT, without license or authority, reproduced and synchronized the Copyrighted Track "We're Hitting Everything" to Infringing Video I.  Defendant COGNIFIT then, without license or authority, distributed the Infringing Video you YouTube and publicly displayed the Infringing Video on its YouTube page located at <www.youtube.com/watch?v=nKaVjfaGQXk>.

30.     At no time did the defendant COGNIFIT have a right to use the Copyrighted Track "We're Hitting Everything" in any manner.

31.     On or about April 18, 2025, plaintiff served defendant COGNIFIT with a notice to cease-and-desist its acts of infringement. See **Exhibit 2**.

32. Defendant COGNIFIT, however, elected to ignore plaintiff's April 18, 2025 cease-and-desist and continued to infringe.

33. After defendant COGNIFIT refused to cease-and-desist, plaintiff's counsel sent a further demand to cease-and-desist on or about November 24, 2025. See **Exhibit 3**.

34. Plaintiff's counsel made several additional attempts to resolve this matter, including sending a draft of the complaint against defendant COGNIFIT. Defendant COGNIFIT, however, refused to discussed any possible resolution, resulting in the present action.

35. Defendant COGNIFIT did not have the right to copy, distribute, publicly display, or synchronize the Copyrighted Track "We're Hitting Everything".

36. Defendant COGNIFIT infringed plaintiff's exclusive rights as set forth in Section 106 of the Act, and its knowledge of the infringement and failure to comply with notice entitles plaintiff to an enhanced statutory damage awards as set forth in Section 504(c)(2) of the Act.

**FACTS SPECIFIC TO DEFENDANT BEREAN**

37. Defendant BEREAN is a faith-based institution.

38. Defendant BEREAN created at least ten (10) infringing advertisements (the "BEREAN Infringing Advertisements").

39. Defendant Berean, without license or authority, reproduced, distributed, publicly displayed, and synchronized the Copyrighted Tracks titled: (i) "Faces in the Haze (Ambient)" – U.S. Copyright Registration No. SR 708-494; (ii) "Bump" – U.S. Copyright Registration No. SR 713-282; (iii) "Anything You Synthesize)" – U.S. Copyright Registration No. SR 713-287; (iv) "Oracle" – U.S. Copyright Registration No. SR 708-475; and (v) "First Day" – U.S. Copyright