June 29, 2026

VIA ECF

Hon. Brian M. Cogan
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

**Re:**   **Poseidon Wave Media LLC v. Cognifit Inc., et al., No. 1:26-cv-02835-BMC**
            **Defendant Berean Assembly of God's Statement for the Initial Status Conference**

Dear Judge Cogan:

This firm represents Defendant Berean Assembly of God ("Berean"). On June 28, 2026, in advance of today's Initial Status Conference, Plaintiff filed a proposed Case Management Plan (Dkt. No. 21) and a status letter (Dkt. No. 22). The status letter, however, sets out only Plaintiff's positions and does not include Berean's. Berean respectfully submits this short separate letter so that the Court has Berean's position, and apologizes for not presenting it jointly.

By way of explanation, and not criticism: Berean did not receive from Plaintiff the written notice of the conference schedule that the Court's order directs Plaintiff's counsel to provide (Dkt. No. 11), and some confusion followed regarding responsibility for circulating and filing the parties' submissions. After learning of the reset conference from the Court's June 23 Notice, Berean's counsel initiated the Rule 26(f) conference, which the parties held on June 26, 2026. Plaintiff circulated its portion of a joint letter on the afternoon of Sunday, June 28, stating that it had understood Berean would circulate; Berean had not agreed to do so, and given the timing Berean's position was not incorporated before Plaintiff filed. Berean offers its position now rather than leave the record one-sided.

***Brief description of the case.*** Berean is a faith-based, non-profit corporation organized under Oregon law, with its sole location in Springfield, Oregon. The recordings the Complaint labels "Infringing Advertisements" are livestreamed Sunday worship services posted to YouTube (for example, "The Wonder of Hope - Live Stream," dated November 27, 2022) that allegedly contain brief background use of five of Plaintiff's instrumental tracks. Berean denies infringement and disputes both the factual and legal premises of the claims, including the claim under 17 U.S.C. § 1202 for removal of copyright management information.

***Jurisdiction.*** Berean makes its appearances specially and contests personal jurisdiction. It is an Oregon church with no offices, activities, or other contacts in New York. The Complaint pleads only specific jurisdiction under CPLR § 302(a)(3)(ii), which fails statutorily and under applicable case law. Plaintiff's own residence in New York is not a sufficient predicate for a New York injury, *Troma Entm't, Inc. v. Centennial Pictures Inc.*, 729 F.3d 215 (2d Cir. 2013), *inter alia*, because a single-location church does not derive substantial revenue from interstate

commerce. Likewise, even if the long-arm statute applied, which is does not, the exercise of jurisdiction would not comport with due process. *Walden v. Fiore*, 571 U.S. 277 (2014). Plaintiff's proposed amended complaint does not cure these defects; it adds a conclusory assertion that "there are no due process concerns," but alleges no contact between Berean and New York.

***Contemplated motions.*** Berean intends to request a pre-motion conference under Section III.B of the Court's Individual Practices in anticipation of a motion to dismiss for lack of personal jurisdiction, failure to state a claim (including the Section 1202 count), and improper venue, 28 U.S.C. § 1400(a). Following Plaintiff's settlements with the two former co-Defendants, Berean is now the sole remaining Defendant. Berean does not consent to trial before a Magistrate Judge and remains willing to discuss an amicable resolution.

Respectfully submitted,

/s/ Jesse L. London
Jesse L. London, London & Paris, LLP
[1711 Willamette St, Suite 301 PMB 733]| [503-877-3107] | jesse@londonparislaw.com
Attorney for Defendant Berean Assembly of God