Richard M. Garbarini (RG 5496)
GARBARINI FITZGERALD P.C.
250 Park Ave, 7th Floor
New York, New York 10177
Phone: (212) 300-5358
Fax: (888) 265-7054

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------x

| | |
|---|---|
| POSEIDON WAVE MEDIA LLC, | Case No.: 26-cv-2835 |
| Plaintiff, | **ECF CASE** |
| v. | **AMENDED COMPLAINT AND JURY DEMAND FOR DAMAGES FOR COPYRIGHT INFRINGEMENT** |
| BEREAN ASSEMBLY OF GOD, | |
| Defendant. | |

---------------------------------------------------------------x

Plaintiff POSEIDON WAVE MEDIA LLC, by and through the undersigned counsel, brings this Amended Complaint and Jury Demand against defendant BEREAN ASSEMBLY OF GOD for damages based on copyright infringement and related claims pursuant to the Copyright Act and Copyright Revisions Act, 17 U.S.C. §§ 101, et seq. ("the Copyright Act" or "Act") and violations of the Digital Millennium Copyright Act, 17 U.S.C. §§ 1201-05 (the "DMCA"). Plaintiff alleges below, upon personal knowledge as to itself, and upon information and belief as to other matters so indicated.

**JURISDICTION AND VENUE**

1. This court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 (federal question jurisdiction) and 1338(a) (jurisdiction over copyright actions).

**SPECIFIC JURISDICTION**

2.     Plaintiff is the sole owner of all rights to the original musical recordings and compositions titled: (i) "Faces in the Haze (Ambient)" – U.S. Copyright Registration No. SR 708-494; (ii) "Bump" – U.S. Copyright Registration No. SR 713-282; (iii) "Anything You Synthesize)" – U.S. Copyright Registration No. SR 713-287; (iv) "Oracle" – U.S. Copyright Registration No. SR 708-475; and (v) "First Day" – U.S. Copyright Registration No. SR 708-490 (the "Copyrighted Tracks"). See **Exhibit 1**.

3.     Defendant is a nondomiciliaries headquartered Oregon.

4.     Defendant, without a license or authority, reproduced, distributed, publicly displayed, and synchronized the Copyrighted Tracks to at least ten (10) videos (the "Infringing Videos").

5.     Four (4) of the Infringing Videos are stand-alone advertisements, and the other six (6) Infringing Videos contain infringing advertisements that were edited into the videos prior to their upload to YouTube.

6.     Defendant committed a series of intentional torts out-of-state.

7.     At all times relevant to this Amended Complaint, defendant was well aware of the fact that it did not have a license for the Copyrighted Tracks.

8.     Defendant was informed by YouTube on at least five (5) occasions that the Infringing Videos contained unlicensed reproductions of the Copyrighted Tracks. See **Exhibit 2**, Defendant elected to continue to infringe after each notice from YouTube.

9.     Plaintiff, directly, and through counsel, served defendant with numerous demands to cease-and-desist, yet defendant elected to continue to infringe after each demand to cease-and-desist from plaintiff and plaintiff's counsel.

10. Defendant was informed on multiple occasions that its acts were damaging plaintiff and the Copyrighted Tracks in this Judicial District as described below.

11. Defendant elected to continue to infringe plaintiff's rights to the Copyrighted Tracks, knowing its acts were damaging plaintiff and the Copyrighted Tracks in this Judicial District.

12. Defendant's unlicensed reproduction, public display, distribution, and synchronization of the Copyrighted Tracks are intentional torts committed outside the state.

13. Defendant generates significant revenue from interstate and international commerce. Defendant is part of larger network that does missions across the U.S. and the world.

14. Defendant also uploads their videos to YouTube and Facebook to attract a national audience, and it receives grants from sources outside of Oregon.

15. Defendant is not a stand-alone local business with no contact to interstate and international commerce, rather it is a business engaged in significant commerce outside of Oregon.

16. Defendant uploaded the Infringing Videos to YouTube and linked them to Facebook (now Meta), and its intentional acts of infringement took place in interstate commerce.

17. The Infringing Videos were created with machinery and editing software purchased in interstate and international commerce. In fact, defendant could not function without with the materials purchased, and revenue generated, from interstate and international commerce.

18. Plaintiff suffered a particularized injury in this Judicial District from the intentional torts of defendant in this Judicial District as described below.

19. Jurisdiction is conferred to this Court over defendant pursuant to CPLR § 302(a)(3)(ii).

## VENUE

20. At bar, a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1)-(3).

## DUE PROCESS

21. There are no due process concerns in light of the fact that defendant committed numerous intentional torts against plaintiff knowing its unlawful acts were damaging plaintiff and the Copyrighted Tracks in this Judicial District.

## PARTIES

22. Plaintiff POSEIDON WAVE MEDIA LLC ("POSEIDON") is a limited liability company formed under the laws of Wyoming with a primary headquarters located at 75-10 197th St, 2nd Floor, Flushing, NY 11366.

23. Upon information and belief, defendant BEREAN ASSEMBLY OF GOD ("BEREAN") is a faith-based non-profit corporation organized under the laws of Oregon with a primary headquarters located at 147 75th St., Springfield, OR 97478.

## FACTS

24. Plaintiff is the sole owner of all rights to the musical recordings and compositions titled: (i) "Faces in the Haze (Ambient)" – U.S. Copyright Registration No. SR 708-494; (ii) "Bump" – U.S. Copyright Registration No. SR 713-282; (iii) "Anything You Synthesize" – U.S. Copyright Registration No. SR 713-287; (iv) "Oracle" – U.S. Copyright Registration No. SR 708-475; and (v) "First Day" – U.S. Copyright Registration No. SR 708-490 (the "Copyrighted Tracks"). See **Exhibit 1.**

25. The two members of plaintiff are the sole authors of the Copyrighted Tracks.

4

26. Defendant is a faith-based institution.

27. Defendant created at least at least ten (10) infringing videos (the "Infringing Videos"), and, without license or authority, reproduced, distributed, publicly displayed, and synchronized one or more of the Copyrighted Tracks to each of the Infringing Videos.

28. Defendant synchronized, without license or authority, the entirety or a significant portion of each Copyrighted Track.

29. Four of the Infringing Videos are stand-alone advertisements, and the Copyrighted Track "First Day" is synchronized from the beginning to the end of each of the four stand-alone advertisements. The four advertisements are titled: (i) Fall Family Fun Fest at Berean - Sunday, October 30 at 4-6 PM, (ii) Fall Family Fun Fest - Volunteers Needed; (iii) Fall Family Fun Fest Details, and (iv) Family Sunday – Guest Illusionist: Scott Wolff – Live Stream 10/30/2022.

30. The six (6) other Infringing Videos at issue here were not solely "live streams" of church services. Each of the six (6) other Infringing Videos was edited to incorporate infringing video segments that contained the Copyrighted Tracks.

31. The infringing video segments edited into the six (6) subject Infringing Videos were not performed live, but are advertisements for defendant's website, functions, etc.

32. Defendant affirmatively edited the six (6) subject Infringing Videos to add the infringing content prior to distributing the Infringing Videos to YouTube where all the Infringing Videos were publicly displayed on defendant's YouTube page as well as linked to defendant's Facebook page, and possibly to other social media pages.

33. Regardless, by synchronizing and uploading the infringing content to YouTube without a license, defendant infringed plaintiff's rights as set forth in 17 U.S.C. § 106.

5

34. Below is a chart of defendant's Infringing Videos distributed to YouTube which were the linked to defendant's Facebook page.

| Title | URL | Copyrighted Track | Time Stamp |
|---|---|---|---|
| The Wonder of Hope - Live Stream 11/27/2022 | www.youtube.com/watch?v=tOtbPOb2wj8 | Faces in the Haze (Ambient) Bump | 25:40 26:15 |
| The Wonder of peace - Live Stream 12/4/2022 | www.youtube.com/watch?v=LA8NbCnIc1A | Faces in the Haze (Ambient) Bump | 27:15 27:57 |
| The Wonder of Joy - Live Stream 12/11/2022 | www.youtube.com/watch?v=3OEL187Rg5o | Faces in the Haze (Ambient) Bump | 31:13 33:02 |
| Neighborhoods & Nations Convention - Live Stream 11/13/2022 | www.youtube.com/watch?v=AA9_K3y4BIM | Faces in the Haze (Ambient) Anything You Synthesize | 33:39 36:55 |
| Take Courage part 1- Live Stream 3/5/2023 | www.youtube.com/watch?v=1jpOUktH69o | Oracle | 31:07 |
| Pray This Way 4 - Sin-Debt - | www.youtube.com/watch?v=1hGL-JNmnqE | First Day | 40:55 |

| | | | |
|---|---|---|---|
| Live Stream 11/6/2022 | | | |
| Fall Family Fun Fest at Berean - Sunday, October 30 at 4-6 PM | www.youtube.com/watch?v=1hGL-JNmnqE <br><br> **Stand-alone advertisement** | First Day | Start |
| Fall Family Fun Fest - Volunteers Needed | www.youtube.com/watch?v=LoygEsZD_nk <br> **Stand-alone advertisement** | First Day | Start |
| Fall Family Fun Fest Details | www.youtube.com/watch?v=YXPai38CvMs <br><br> **Stand-alone advertisement** | First Day | Start |
| Family Sunday – Guest Illusionist: Scott Wolff – Live Stream 10/30/2022 | https://www.youtube.com/watch?v=R9LNJLGPRfA <br><br> **Stand-alone advertisement** | First Day | Start |

35.     Upon information and belief, defendant, without license or authority, created numerous additional videos with unlicensed synchronized reproductions of one or more of the Copyrighted Tracks which were posted to defendant's YouTube page and linked to defendant's Facebook pages.  A partial list of the additional infringing videos is below:

- Pray This Way 4 - Sin-Debt - Live Stream 11/6/2022

- The Wonder of Hope - Live Stream 11/27/2022

- RVers Serving At Berean - Promo

- By Faith Part 16- Sunday - Live Stream 10/23/2022

- By Faith Part 14- Sunday - Live Stream 10/09/2022

- Pray This Way 3 - Sunday - Live Stream 10/02/2022

- By Faith Part 13 - Sunday - Live Stream 9/25/2022

36.     Upon information and belief, defendant created other infringing video which plaintiff has yet to identify.

37.     Undeniably, defendant has infringed plaintiff's rights to the Copyrighted Tracks as set forth in 17 U.S.C. § 106.  In fact, defendant has no, and cannot, deny its acts of infringement.

38.     This Court issued an order on May 18, 2026 (Dkt. No. 11) requiring a Joint Letter be submitted to the Court.  Defendant's portion of the Joint Letter required defendant to address the claims of infringement and violations of the DMCA as follows:

> Defendant's portion of the letter may not assert a general denial, boilerplate affirmative defenses, or a need for further investigation, but must engage with the issues in the case.

39.     Defendant submitted a response to the May 18, 2026 Order that addressed only defendant's purported dispute as to the Court's jurisdiction. See Dkt. No. 23.

40.     Defendant did not deny the claims of infringement or violations of the DMCA, as it was required to do by the Court's Order, because defendant cannot.

41.     Defendant infringed plaintiff's exclusive rights to the Copyrighted Tracks as set forth in Section 106 of the Act, and its knowledge of the infringements and failure to comply with numerous demands to cease-and-desist entitles plaintiff to five (5) enhanced statutory damage awards as set forth in Section 504(c)(3) of the Act.

**NOTICES**

42. On at least five (5) occasions, defendant was notified by YouTube that plaintiff's Copyrighted Tracks were synchronized to the Infringing Videos. See **Exhibit 2**.

43. Defendant elected to continue to infringe after each notice from YouTube.

44. On or about April 18, 2025, plaintiff served defendant with a notice to cease-and-desist its acts of infringement. See **Exhibit 3**.

45. Defendant refused to respond to plaintiff's April 18, 2025 demand to cease-and-desist, and continued to infringe the Copyrighted Tracks; defendant refused to respond or cease-and-desist from its infringing activity.

46. After waiting seven (7) months for a response from defendant, and for defendant to cease-and-desist, plaintiff was forced to engage counsel for the within dispute

47. On or about November 25, 2025, plaintiff's counsel served defendant with a further demand to cease-and-desist. See **Exhibit 4**. Defendant was put on notice that it was damaging the Copyrighted Tracks and had failed to cease-and-desist after the prior demand.

48. The November 25, 2025 demand required defendant to cease-and-desist and to contact plaintiff's counsel to avoid a dispute.

49. Again, defendant elected to ignore the November 25, 2025 demand to cease-and-desist, and continued to infringe.

50. On April 16, 2026, plaintiff's counsel sent a further demand, and included a draft copy of the within complaint. Defendant was put on notice, yet again, that it was damaging the Copyrighted Tracks and had failed to cease-and-desist after multiple prior demands. See **Exhibit 5**.

51. Defendant elected to ignore the April 16, 2026 demand to cease-and-desist, and continued to infringe.

52. On April 23, 2026, a final demand to cease-and-desist was served on defendant by plaintiff's counsel, along with copies of the draft complaint, and the November 25, 2025 demand to cease-and-desist. See **Exhibit 6**. Defendant was directed, again, to cease-and-desist, and contact plaintiff's counsel to avoid a dispute.

53. Defendant elected, yet again, to ignore the April 25, 2026 demand to cease-and-desist, and continued to infringe.

54. Defendant's failure to comply with numerous demands to cease-and-desist, and its refusal to contact plaintiff or plaintiff's counsel to avoid a dispute, left plaintiff with no choice but to file the within action. Defendant's acts evidence defendant's complete disregard to the law and plaintiff's rights.

55. Defendant, as a matter of law, intentionally infringed plaintiff's rights as set forth in Section 106 of the Copyright Act, and plaintiff is entitled to its actual damages or five (5) statutory damage awards. On the latter, only an award at the highest end of the scale set forth in Section 504(c)(3) of the Copyright Act will serve to stop defendant's continued acts of infringement.

## INDIVIDUALIZED DAMAGES

56. Defendant's numerous acts of intentional infringement injured plaintiff and the Copyrighted Tracks in this Judicial District.

57. Plaintiff's Copyrighted Tracks have been licensed by: (i) Warner Brothers for a major motion picture, (ii) Activision for its Spiderman II video game, and national advertising campaigns for companies like (iii) Yeti Coolers, (iv) DC Shoes, (v) Colgate, (vi) Apple, (vii)

PBS, (viii) MLB Network, (ix) SONY, (x) the American Heart Association, as well as scores of other major organizations and brands.

58.   Plaintiff's Copyrighted Tracks have also been licensed for use in scores of television programs including, but not limited to: (i) Keeping Up with Kardasians (E Network), (ii) CSI Miami (CBS Television), (iii) 16 and Pregnant (MTV), (iv) The Real World (MTV), (v) NIKE Battlegrounds (MTV), (vi) Alaska the Last Frontier (Discovery), (vii) Bad Girls Club (Oxygen), (viii) 30 for 30 (ESPN), Human Planet (discovery, (ix) The Vineyard (ABC Family), and (x) World of Adventure Sports (NBC).

59.   Major companies will conduct searches prior to licensing a song, to make sure the targeting song has not been licensed by competitors, and is not associated with any polarizing group or ideology, among other things.

60.   To protect the Copyrighted Tracks, plaintiff maintains a strict policy of not issuing a license to any organizations that are faith-based or involved in: politics, gambling, alcohol, or drugs, among others, because that would dramatically erode future licensing opportunities.

61.   Had defendant, as a faith-based organization, sought licenses for the Copyrighted Tracks prior to its acts of infringement, it would not have been issued any.

62.   The forced association of the Copyrighted Tracks with defendant, a faith-based organization, has damaged the subject Copyrighted Tracks in an amount to be determined at the trial of this action.

63.   This is an individualized injury suffered by plaintiff in this judicial District.

11

**DEFENDANT'S COMPLETE DISREGARD FOR THE LAW**

64. Defendant ignored four (4) demands to cease-and-desist from plaintiff and plaintiff's counsel, and it elected to stop infringing plaintiff's rights only after it was served with a filed complaint.

65. Upon review of the Infringing Videos, and other videos uploaded by defendant to YouTube, it is readily apparent that there are scores of other musical compositions that have been reproduced, distributed, publicly displayed, and synchronized to defendant's video that are also unlicensed.

66. Defendant has a complete and utter disregard for its obligations under the Copyright Act, and only a statutory award at the highest end of the scale set forth in Section 504(c)(3) of the Copyright Act will serve to stop defendant's continued acts of infringement.

**FIRST CLAIM FOR RELIEF**
**COPYRIGHT INFRINGEMENT**

67. Plaintiff incorporates the allegations contained in the preceding paragraphs as if set forth here at length here.

68. It cannot be disputed that plaintiff has valid, registered copyrights, and owns all rights to the Copyrighted Tracks.

69. Defendant, without authority from plaintiff, reproduced, distributed, publicly displayed, and synchronized plaintiff's Copyrighted Tracks to at least ten (10) Infringing Videos, and likely many more.

70. Defendant created and displayed the Infringing Videos for the sole purpose of commercial gain.

71. Defendant refused to cease and desist after numerous demands from plaintiff and plaintiff's counsel.

72. Defendant's use of the respective Copyrighted Tracks was not for criticism, comment, news reporting, teaching, scholarship, or research.

73. Defendant's acts of infringement are not subject to any fair-use claim.

74. Defendant's use of the respective Copyrighted Tracks was not transformative.

75. Defendant elected to reproduce, synchronize, and/or distribute the respective Copyrighted Track without a license.

76. As a direct and proximate result of the defendant's acts of infringement of plaintiff's exclusive rights to the Copyrighted Tracks as set forth in Section 106 of the Act, plaintiff has incurred damages, and requests an award of defendant's profits in excess of plaintiff's compensatory damages, and plaintiff's compensatory damages, plus the reasonable costs, interest, and attorneys' fees incurred by plaintiff in this action. Plaintiff may also elect to recover five (5) statutory damage awards pursuant to 17 U.S.C. § 504(c)(2) for willful infringement/reckless disregard of up to $150,000, plus the reasonable costs, interest, and attorneys' fees incurred by plaintiff in this action.

### SECOND CLAIM FOR RELIEF
### VIOLATION OF DMCA OF 1998, AS AMENDED,
### 17 U.S.C. §§ 1201, et seq.

77. Plaintiff incorporates the allegations contained in the preceding paragraphs as if set forth at length here.

78. Plaintiff always distributes its copyrighted recording, including the Copyrighted Tracks here, with CMI including the title, author, label, and name of the copyright owner.

79. Defendant could not have obtained a copy of the master recording for the respective Copyrighted Tracks without this information.

80. Master recordings are tightly controlled by plaintiff to prevent unauthorized commercial use – like the infringing use at issue here.

81. A master recording is an authenticated and unbroken version of a musical recording (typically 96 kHz / 24 bit) with the highest-possible resolution—as flawless as it sounded in the mastering suite.

82. Defendant's Infringing Videos are synchronized to a very high-resolution copy of the respective Copyrighted Tracks. This high-resolution version cannot be obtained without copyright management information being included.

83. Defendant removed plaintiff's CMI, and then made duplicate copies, synchronized, publicly displayed, and/or distributed the respective Copyrighted Tracks without plaintiff's CMI.

84. Defendant failed to include any information which identified the respective Copyrighted Tracks, the author of the Copyrighted Tracks, the owner of any right in the Copyrighted Tracks, or information about the terms and conditions of use of the Copyrighted Tracks.

85. Defendant did the forgoing with the intent to conceal the infringement.

86. Defendant continued to publicly display the respective Infringing Videos with no attribution after YouTube, plaintiff, and plaintiff's counsel separately informed defendant that it was infringing plaintiff's rights to the respective Copyrighted Tracks.

87. Defendant violated the DMCA each time it wrongfully distributed each of the Infringing Videos, as well as each time it failed to include the CMI after notice.

88. Plaintiff seeks award of statutory damages for each violation of Section 1202 of the DMCA in the sum of $25,000.

# PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for judgment against each defendant, and awarding plaintiff as follows:

1.  restitution of each of the defendant's unlawful proceeds in excess of plaintiff's compensatory damages;

2.  compensatory damages in an amount to be ascertained at trial;

3.  statutory damages awards to plaintiff according to proof, including but not limited to all penalties authorized by the Copyright Act (17 U.S.C. §§ 504(c)(1), 504(c)(2));

4.  an award of statutory damages for each violation by defendants of the DMCA, 17 U.S.C. § 1202;

5.  reasonable attorneys' fees and costs (17 U.S.C. § 505);

6.  pre- and post-judgment interest to the extent allowable; and,

7.  such other and further relief that the Court may deem just and proper.

Plaintiff hereby demands a trial by jury of all issues so triable.

Dated: June 27, 2026          **GARBARINI FITZGERALD P.C.**
         New York, New York

By: _Richard M. Garbarini_
     Richard M. Garbarini (RG 5496)

15