**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

POSEIDON WAVE MEDIA LLC,

          Plaintiff,

    v.                                                                       No. 1:26-cv-02835-BMC

BEREAN ASSEMBLY OF GOD,

          Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S
## MOTION TO DISMISS THE AMENDED COMPLAINT

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ...................................................................................................4

STATEMENT OF FACTS ........................................................................................................5

    A. The Parties...................................................................................................................5

    B. The Accused Videos Are Church Worship Services .........................................................5

    C. Plaintiff's Claims and Jurisdictional Theory ..................................................................6

LEGAL STANDARD...............................................................................................................7

ARGUMENT..........................................................................................................................7

    I. The Court Lacks Personal Jurisdiction Over Berean.........................................................7

        A. Berean Is Not Subject to General Jurisdiction .............................................................8

        B. Berean Is Not Subject to Specific Jurisdiction Under CPLR § 302..............................8

            1. Sections 302(a)(1) and (a)(2) Do Not Apply .........................................................8

            2. Section 302(a)(3)(ii): No New York Injury; Not a Digital-Piracy Case..................9

            3. Section 302(a)(3)(ii): No Substantial Interstate Revenue ......................................11

        C. The Exercise of Jurisdiction Would Violate Due Process .............................................11

    II. The Amended Complaint Fails to State a Claim...............................................................12

        A. The Section 1202 Claim Should Be Dismissed With Prejudice ...................................12

        B. The Infringement Claim's Commercial Premise Is Implausible, Frivolous, and Meritless.................................................................................................................13

    III. Venue Is Improper .......................................................................................................14

CONCLUSION......................................................................................................................14

**TABLE OF AUTHORITIES**

*Cases*

Ashcroft v. Iqbal, 556 U.S. 662 (2009)

Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez, 171 F.3d 779 (2d Cir. 1999)

BanxCorp v. Costco Wholesale Corp., 723 F. Supp. 2d 596 (S.D.N.Y. 2010)

Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)

Bensusan Restaurant Corp. v. King, 126 F.3d 25 (2d Cir. 1997)

Best Van Lines, Inc. v. Walker, 490 F.3d 239 (2d Cir. 2007)

Daimler AG v. Bauman, 571 U.S. 117 (2014)

Freeplay Music, LLC v. Dave Arbogast Buick-GMC, Inc., 2017 WL 449913 (S.D.N.Y. Jan. 18, 2017)

Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915 (2011)

International Shoe Co. v. Washington, 326 U.S. 310 (1945)

Jazini v. Nissan Motor Co., 148 F.3d 181 (2d Cir. 1998)

Licci ex rel. Licci v. Lebanese Canadian Bank, SAL, 673 F.3d 50 (2d Cir. 2012)

Mango v. BuzzFeed, Inc., 970 F.3d 167 (2d Cir. 2020)

Morningstar Films, LLC v. Nasso, 554 F. Supp. 3d 525 (E.D.N.Y. 2021)

Pablo Star Ltd. v. Welsh Gov't, 170 F. Supp. 3d 597 (S.D.N.Y. 2016)

Penguin Grp. (USA) Inc. v. American Buddha, 16 N.Y.3d 295 (2011)

Robinson v. Overseas Military Sales Corp., 21 F.3d 502 (2d Cir. 1994)

Sonera Holding B.V. v. Cukurova Holding A.S., 750 F.3d 221 (2d Cir. 2014)

Troma Entm't, Inc. v. Centennial Pictures Inc., 729 F.3d 215 (2d Cir. 2013)

Walden v. Fiore, 571 U.S. 277 (2014)

Yesh Music, LLC v. Amazon.com, Inc., 249 F. Supp. 3d 645 (E.D.N.Y. 2017)

*Statutes and Rules*

17 U.S.C. § 106

17 U.S.C. § 501

17 U.S.C. § 1202

28 U.S.C. § 1400(a)

Fed. R. Civ. P. 12(b)(2)

Fed. R. Civ. P. 12(b)(3)

Fed. R. Civ. P. 12(b)(6)

N.Y. C.P.L.R. § 301

N.Y. C.P.L.R. § 302

## PRELIMINARY STATEMENT

Defendant Berean Assembly of God ("Berean") is a faith-based, non-profit church with a single location in Springfield, Oregon. Plaintiff Poseidon Wave Media LLC accuses Berean of infringing five instrumental tracks in approximately ten YouTube videos that the Amended Complaint labels "Infringing Videos." The videos the pleading actually identifies, by title, are livestreamed Sunday worship services. Plaintiff originally sued Berean together with two unrelated, out-of-state defendants. After those defendants settled, plaintiff amended to name Berean alone and added a cluster of conclusory allegations designed to manufacture jurisdiction over an Oregon church. The attempt fails.

This Court is familiar with plaintiff's counsel. In *Yesh Music, LLC v. Amazon.com, Inc.*, 249 F. Supp. 3d 645 (E.D.N.Y. 2017) (Cogan, J.), the Court granted summary judgment against the same counsel's client and described several of its copyright theories as "frivolous" and "meritless," its positions as to evidence "contradictory and vacillating," and noting that "[the Court] cannot tell if plaintiffs really do not know where these reports come from, or if they are deliberately attempting to deceive me." *Id.* at 657-58, 662 & n.6. This action is the latest in a series of materially similar suits by the same counsel, each recasting ordinary, noncommercial uses of background music as commercial 'advertisements' and asserting boilerplate long-arm jurisdiction against out-of-state defendants. This case is more of the same frivolous and meritless arguments about jurisdiction and copyright liability to support a business model where defendants are given the choice to defend themselves in an out-of-state jurisdiction at great expense from frivolous claims or pay a toll. Although this case is targeted at religious non-profit, rather than Amazon, and it should not proceed past the pleadings.

The Amended Complaint should be dismissed for three independent reasons. First, there is no personal jurisdiction over Berean. The Amended Complaint invokes only New York's long-arm statute, CPLR § 302(a)(3)(ii), and it satisfies neither that statute nor, just as importantly, the Due Process Clause. Berean is not "at home" in New York, committed no relevant act in New York, caused no injury in New York, and has no contacts with New York at all. Second, the Amended Complaint fails to state a claim, most clearly its claim for removal of copyright management information under 17 U.S.C. § 1202, which rests on conclusory recitals and a speculative theory of removal. Third, venue does not lie in this District under the copyright venue statute, 28 U.S.C. § 1400(a).

## STATEMENT OF FACTS

### A. The Parties.

Berean is a faith-based, non-profit corporation organized under the laws of Oregon, with its sole location at Springfield, Oregon. Am. Compl. ¶ 22. Plaintiff Poseidon Wave Media LLC is a limited liability company formed under the laws of Wyoming. *Id.* ¶ 16. Plaintiff claims to own five instrumental sound recordings and compositions, the "Copyrighted Tracks." *Id.* ¶ 2.

### B. The Accused Videos Are Church Worship Services.

Plaintiff alleges that Berean, without a license, reproduced, distributed, publicly displayed, and synchronized the Copyrighted Tracks to at least ten videos, which it posted to YouTube and linked to Facebook. Am. Compl. ¶¶ 4, 16. The videos the Amended Complaint identifies by title are livestreamed Sunday worship services (for example, "The Wonder of Hope - Live Stream"). Plaintiff nonetheless labels these worship services "Infringing Videos" and alleges, in conclusory terms, that Berean "created and displayed the Infringing Videos for the sole purpose of commercial

5

gain." *Id.* ¶ 70. The pleading identifies no product or service that the worship livestreams advertised, and no sale to which they related.

### C. Plaintiff's Claims and Jurisdictional Theory.

Plaintiff asserts two claims, (1) copyright infringement under 17 U.S.C. §§ 106 and 501 (Am. Compl. ¶¶ 67-76), and (2) removal of copyright management information ("CMI") under 17 U.S.C. § 1202 (id. ¶¶ 77-88), for which it seeks $25,000 per alleged violation (id. ¶ 88). For jurisdiction, plaintiff relies solely on CPLR § 302(a)(3)(ii). *Id.* ¶ 19. It pleads no general jurisdiction and no basis under any other subsection of § 302. After Berean's two co-defendants settled, plaintiff filed the operative Amended Complaint (Dkt. No. 25), naming Berean alone, and added new paragraphs asserting that Berean "generates significant revenue from interstate and international commerce" and is "part of [a] larger network that does missions across the U.S. and the world" (¶ 13), "receives grants from sources outside of Oregon" (¶ 14), and is "not a stand-alone local business" but "a business engaged in significant commerce outside of Oregon" (¶ 15), together with a new paragraph asserting that "[t]here are no due process concerns" (¶ 21). The Amended Complaint alleges no office, employee, property, bank account, or activity of Berean in New York. Berean has none.

Berean does not operate for profit or generate business revenue. Its financial support consists of donations from its members in Oregon which number, on average, around sixty (60) with a maximum of eighty (80). Berean has never received a donation from New York. Berean receives no grants of any kind. The accused videos are recordings of its live worship services posted only for the purpose so that members could worship remotely, beginning only to respond to the COVID-19 pandemic. Declaration of Jackie McDaniel ("McDaniel Decl.") ¶¶ 2-7.

**LEGAL STANDARD**

On a motion under Rule 12(b)(2), "the plaintiff bears the burden of establishing that the court has jurisdiction over the defendant." *Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 171 F.3d 779, 784 (2d Cir. 1999). Although the pleadings are construed in the plaintiff's favor, the Court "will not draw 'argumentative inferences' in the plaintiff's favor" (*Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 507 (2d Cir. 1994)) and need not credit "conclusory non-fact-specific jurisdictional allegations" (*Jazini v. Nissan Motor Co.*, 148 F.3d 181, 185 (2d Cir. 1998)).  In deciding a Rule 12(b)(2) motion, the Court may consider the parties' affidavits and declarations, and a plaintiff cannot rely on conclusory allegations that are controverted by the defendant's sworn statements. To survive a motion under Rule 12(b)(6), a complaint must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

**ARGUMENT**

**I.  THE COURT LACKS PERSONAL JURISDICTION OVER BEREAN.**

A federal court sitting in New York has personal jurisdiction over a non-domiciliary only if (1) New York's long-arm statute reaches the defendant and (2) the exercise of jurisdiction comports with due process. The Amended Complaint satisfies neither requirement. It pleads no general jurisdiction, invokes only one subsection of the long-arm statute, and alleges no contact between Berean and New York.

7

**A. Berean Is Not Subject to General Jurisdiction.**

A corporation is subject to general jurisdiction only in a forum where it is "essentially at home," paradigmatically its State of incorporation and its principal place of business. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011); *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014); *Sonera Holding B.V. v. Cukurova Holding A.S.*, 750 F.3d 221, 224 (2d Cir. 2014) (general jurisdiction exists only where contacts are "so 'continuous and systematic' as to render [the defendant] essentially at home"). Berean is organized under Oregon law and has its sole location in Oregon. Am. Compl. ¶ 22; McDaniel Decl. ¶ 2. It is "at home" only in Oregon, and plaintiff does not contend otherwise. There is no general jurisdiction under CPLR § 301.

**B. Berean Is Not Subject to Specific Jurisdiction Under CPLR § 302.**

Plaintiff invokes only CPLR § 302(a)(3)(ii). Am. Compl. ¶ 19. Neither that subsection nor any other reaches Berean.

**1. *Sections 302(a)(1) and (a)(2) do not apply.***

Section 302(a)(1) requires that the defendant "transact[] business" in New York and that the claim "aris[e] from" that transaction; there must be "articulable nexus, or a substantial relationship between the claim asserted and the actions that occurred in New York" *Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 673 F.3d 61, 66, 55 (2d Cir. 2012); *Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 246 (2d Cir. 2007). The Amended Complaint alleges no business transacted by Berean in New York, and none from which plaintiff's infringement claim arises. Section 302(a)(2) reaches only a "tortious act within the state," and requires that the defendant be physically present in New York when committing the act. *Bensusan Restaurant Corp. v. King*, 126

F.3d 25, 27-29 (2d Cir. 1997). The conduct plaintiff alleges, posting videos from Oregon, occurred outside New York. Neither subsection applies, and plaintiff does not invoke them.

### 2. Section 302(a)(3)(ii) does not apply because there is no injury in New York and Not a Digital Piracy Case.

Section 302(a)(3) reaches a non-domiciliary who commits a tortious act outside New York "causing injury to person or property within the state," but only where the defendant expects or should reasonably expect the act to have New York consequences and "derives substantial revenue from interstate or international commerce" (Section 302(a)(3)(ii)). The threshold requirement is an injury *within New York*, and plaintiff cannot plead one. The situs of injury under § 302(a)(3) is the location of the original event that caused the injury, not the plaintiff's residence or the place where it feels economic loss. The Second Circuit has held squarely that "residence or domicile of the injured party within [New York] is not a sufficient predicate for jurisdiction." *Troma Entm't, Inc. v. Centennial Pictures Inc.*, 729 F.3d 215, 218 (2d Cir. 2013) (affirming dismissal of a copyright claim for lack of personal jurisdiction).

Plaintiff's only asserted New York connection is its own residence and the derivative theory that the Copyrighted Tracks were "damaged due to their forced association" with Berean. Am. Compl. ¶¶ 62-63. That is the plaintiff's own economic loss, not a New York injury. Nor can plaintiff manufacture a New York injury from the videos' availability on YouTube. Treating online availability as injury everywhere the internet reaches would place the situs of injury "anywhere that the internet is accessible," which New York law rejects. *Pablo Star Ltd. v. Welsh Gov't*, 170 F. Supp. 3d 597, 607-08 (S.D.N.Y. 2016).

As the Court suggested at the scheduling conference, there exists one case related to digital content and situs of injury element only, *Penguin Group (USA) Inc. v. American Buddha*

*(Penguin II)*, 16 N.Y.3d 295 (2011).  Although the New York Court of Appeals held in *Penguin II*, that the situs of injury for the *uploading of a complete copyrighted work for third-party download* may be New York, the Second Circuit and other courts have **cabined that holding to digital piracy and have declined to extend it to the use of copyrighted material within online content**. *Morningstar Films, LLC v. Nasso*, 554 F. Supp. 3d 525, 535 (E.D.N.Y. 2021) (treating *Penguin* as controlling only in digital-piracy cases); *Freeplay Music, LLC v. Dave Arbogast Buick-GMC, Inc.*, 2017 WL 449913, at *5-7 (S.D.N.Y. Jan. 18, 2017) (cited by *Troma*, distinguishing piracy from a defendant's use of unlicensed music in its own online content).

Likewise, in *Troma* the Second Circuit held that *Penguin II* was extremely cabined and noting that the NY Court of Appeals, "explicitly declined 'to address whether a New York copyright holder sustains an in-state injury pursuant to N.Y. C.P.L.R. 302(a)(3)(ii) in a copyright infringement case *that does not allege digital piracy*'". *Troma*, 729 F.3d at 219 (emphasis added). In *Troma*, The Second Circuit upheld this Court's dismissal of jurisdiction in a similar case and made clear that Section 302(a)(3) requires a "non-speculative and direct New York-based injury," not the diffuse economic harm a plaintiff feels wherever it happens to sit. *Id.* at 220.  The *Troma* court held that "[w]e find nothing in the [*Penguin II* opinion], however, that relieves intellectual property owners of the obligation, in each case, to allege facts demonstrating a non-speculative and direct New York-based injury to its intellectual property rights of the sort *Penguin II* recognized." *Id.* at 220.

Berean's worship livestreams are not digital piracy and fall outside *Penguin*. There is no New York injury, and the § 302(a)(3)(ii) inquiry ends there.

### 3. Section 302(a)(3)(ii) also fails because Berean derives no substantial interstate revenue.

Even if *Penguin II* applied and plaintiff could plead a New York injury, the statute's "substantial revenue" requirement independently defeats jurisdiction. The Amended Complaint's new allegations, that Berean "generates significant revenue from interstate and international commerce," is "part of [a] larger network that does missions," "receives grants from sources outside of Oregon," and is "a business engaged in significant commerce" (Am. Compl. ¶¶ 13-15), are conclusory recitals of the statutory element, not facts, and the Court need not credit them. *Iqbal*, 556 U.S. at 678; *Penguin*, 609 F.3d at 34-35. Recharacterizing a faith-based, non-profit church as "a business engaged in significant commerce" is a legal conclusion contradicted by the pleading's own description of Berean and completely meritless on its face. Am. Compl. ¶ 22.

Frankly, Plaintiff's arguments are frivolous, meritless, and cannot be made with a straight face. That a small church belongs to a missions network, posts videos to general-audience platforms, buys equipment, or receives an out-of-state grant, even if those were all true, does not make it an entity that derives substantial revenue from interstate or international commerce within the meaning of § 302(a)(3)(ii). These allegations, added only after the co-defendants settled and only to survive dismissal, do not supply what the statute requires. The evidence before the Court confirms that Berean does not operate for profit or generate business revenue, its support consists of donations from its Oregon members, and it has never received a donation from New York. McDaniel Decl. ¶¶ 3-5.

### C. The Exercise of Jurisdiction Would Violate Due Process.

Even if the long-arm statute applied to a non-piracy case involving a non-profit church that has no substantial revenue or economic activity in New York, Plaintiff could never properly have

jurisdiction because the Due Process Clause bars it. Due process requires that a defendant have "minimum contacts" with the forum such that maintenance of the suit does not offend "traditional notions of fair play and substantial justice," and those contacts must arise from the defendant's own purposeful availment of the forum. *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). The defendant's suit-related conduct must create a substantial connection with the forum State itself, and, crucially, "the plaintiff cannot be the only link between the defendant and the forum." *Walden v. Fiore*, 571 U.S. 277, 285 (2014).

Berean directed its worship livestreams to its small Oregon congregation, and it has no office, employee, property, bank account, or activity in New York. McDaniel Decl. ¶ 2. Posting videos to general-audience platforms accessible everywhere is not purposeful availment of New York in particular. The only New York connection the Amended Complaint identifies is that plaintiff resides there and claims to feel harm there, which is precisely the link *Walden* holds insufficient. The pleading's conclusory assertion that "[t]here are no due process concerns" (Am. Compl. ¶ 21) identifies no contact between Berean and New York and cannot substitute for one.

## II.  THE AMENDED COMPLAINT FAILS TO STATE A CLAIM.

### A.  The Section 1202 Claim Should Be Dismissed with Prejudice.

To state a claim for removal of CMI under 17 U.S.C. § 1202(b), a plaintiff must plausibly allege "(1) the existence of CMI [on Plaintiff's works]; (2) removal and/or alteration of that information; and (3) that the removal and/or alteration was done intentionally." *BanxCorp v. Costco Wholesale Corp.*, 723 F. Supp. 2d 596, 609 (S.D.N.Y. 2010).  The statute also imposes a demanding scienter requirement. The defendant must know, or have reasonable grounds to know, that the removal will induce, enable, facilitate, or conceal an infringement. *Mango v. BuzzFeed, Inc.*, 970 F.3d 167, 171 (2d Cir. 2020). The Amended Complaint pleads none of this plausibly. It

offers only the conclusory assertion that plaintiff "always distributes" its recordings with CMI (Am. Compl. ¶ 78), a speculative "master recording" theory contrived to infer removal (id. ¶¶ 79-82), and the bare assertions that Berean "removed plaintiff's CMI" (¶ 83) with "intent to conceal" (¶ 85). The pleading identifies no CMI actually borne by the works Berean used, no facts showing that Berean removed any such information, and no facts supporting the required intent. These are "[t]hreadbare recitals of the elements," which do not suffice, *Iqbal*, 556 U.S. at 678.

The § 1202 claim should be dismissed with prejudice and partial judgment entered in Defendant's favor, even if the Court does not dismiss other claims.

**B. The Infringement Claim's Commercial Premise Is Implausible, Frivolous, and Meritless.**

Plaintiff's characterization of Berean's Sunday worship livestreams as advertisements created "for the sole purpose of commercial gain" (Am. Compl. ¶ 70) is a conclusory label the Court need not accept, *Iqbal*, 556 U.S. at 678, and one contradicted by the videos the Amended Complaint itself identifies. It is also contradicted by the undisputed record showing that the videos are recordings of Berean's live worship services, first posted during the COVID-19 pandemic so that members could worship remotely. McDaniel Decl. ¶ 6. That mischaracterization is the premise for plaintiff's jurisdictional "forced association" theory, its § 1202 "commercial use" theory, and its demand for enhanced damages. Stripped of the label, the pleading describes a local church's worship services, not commercial advertising.

The idea that a church of sixty (60) average worshipers in Oregon posted videos beginning during the pandemic for the purpose of advertising cannot be made with a straight face. Before making its allegations, Plaintiff made no investigation of the facts its alleged. The sole purpose of

filing the lawsuit was to extract a settlement under the theory that it would be more expensive for the Defendant to defend itself in New York than it would be to pay the Plaintiff its demand.

### III.  VENUE IS IMPROPER.

Venue in a copyright action is governed exclusively by 28 U.S.C. § 1400(a), which provides that suit "may be instituted in the district in which the defendant or his agent resides or may be found." The general venue statute on which plaintiff relies (Am. Compl. ¶ 20) does not apply to copyright claims. Berean resides in Oregon, not this District, and no substantial part of the relevant events occurred here. Venue is therefore improper, and, because Berean does not reside and cannot be found in this District, the appropriate remedy is dismissal.

### CONCLUSION

For the foregoing reasons, defendant Berean Assembly of God respectfully requests that the Court dismiss the Amended Complaint in its entirety, and grant such other and further relief as the Court deems just and proper.

Dated: July 14, 2026

/s/ Jesse L. London

Jesse L. London
Of Attorneys for Defendant, Berean
London & Paris, LLP
Mail: 1711 Willamette St., Ste 301 PMB 733
Office:  200 E 11th Ave, Ste 260
Eugene, OR 97401
(503) 877-3107

jesse@londonparislaw.com