**GF**

## GARBARINI FITZGERALD P.C.

598 Fifth Avenue, Suite 805
New York, NY 10036
Phone: 212.300.5358
Fax: 888.265.7054
www.garbarinilaw.com

July 15, 2026

**VIA ECF**

Honorable Brian M. Cogan
United States District Court Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

> Re:  ***Poseidon Wave Media LLC v. Berean Assembly of God***, **26-cv-2835 (BMC)**
> **Request for a Pre-Motion Conference Concerning Plaintiff's Request for Leave**
> **to File the attached Proposed Second Amended Complaint**

Your Honor

I represent the plaintiff in the above-referenced matter and write pursuant to Your Honor's Ind. Rule of Practice III (B)(2) to request a pre-motion conference concerning plaintiff's request for leave to file the attached proposed Second Amended Complaint pursuant to Federal Rule of Civil Procedure 15 ("Rue 15").  The Scheduling Order in this matter allows the parties to amend the pleadings without leave of the Court until July 29, 2026. See Scheduling Order at B(3).

**Background**

At the Initial Scheduling Conference held on June 29, 2026, defendant's counsel represented that it was going to move the Court to dismiss on the ground this Court did not have personal jurisdiction over defendant.  The Court granted defendant's request to file its jurisdictional challenge, and ordered defendant to file its motion on or before July 14, 2026.  The Court also granted plaintiff leave to file an Amended Complaint in order to remove the dismissed defendant's and to amplify the pleadings.  On June 29, 2026, plaintiff filed the Amended Complaint. See Dkt. No. 25.

**Defendant's Motion**

Defendant now raises, for the first time, arguments concerning the sufficiency of the DMCA claim in the complaint.  Plaintiff has not had an opportunity to address this claim, nor has defendant sought to meet-and-confer regarding the DMCA claim.  Plaintiff proposes, for the sake of focusing this matter on the core issue infringement, to file the attached proposed Second Amended Complaint which withdraws the DMCA claim, and amplifies the allegations to address the below.

Of note, defendant has admitted it created the ten (10) infringing videos, and has never denied it synchronized reproductions of plaintiff's five (5) copyrighted recordings and compositions

GARBARINI FITZGERALD P.C.
Page 2

without a license.  Rather than address its clearly infringing conduct, defendant focuses on attacks that have no bearing on the merits of this matter,

**Defendant's Factual Inaccuracies**

Defendant's motion focuses now on three new and clearly erroneous facts: (1) that the videos at issue were merely videos of live services, (2) defendant does not generate any income from interstate commerce, and (3) the ten (10) infringing videos were uploaded live services due to COVID.  Each of these points is objectively false.

First, four (4) of the infringing videos are stand-alone advertisements with no relation to any live service.  The infringing part of the other six (6) infringing videos consists of edits to the live service to include external videos which contain unlicensed synchronized reproductions of the copyrighted tracks.  None of the infringing material at issue was part of any live service, and all ten (10) infringing videos are advertisements or contain advertisements.  The six (6) edited infringing videos were uploaded after live service, and were not "live" streams of a service.

Second, defendant conducts substantial interstate business: (i) it holds events, and sells tickets through San Francisco, Ca based EventBrite, (ii) it outsources its Bible study to McKinnely, Tx based RightNow Media, (iii) it process its revenue almost exclusively through external payment providers, (iv) it invites foreign speakers and groups (and at times sells tickets through EventBrite for those events), (v) defendant uploaded four (4) infringing advertisements to YouTube, (iv) it is a member of national organizations.  Plaintiff's amendment seeks to include these facts, as well as other facts, which will amplify plaintiff's claims concerning defendant's Interstate revenue.

Third, the four (4) infringing advertisements, and the six (6) infringing video advertisement inserts are all invites for events being held at defendant, or for defendant's website.  They have no relation to COVID, as defendant represented.

Defendant is attempting to mislead this Court, and plaintiff requests to file the attached Second Amended Complaint to clarify the record.

**Standard**

Rule 15(a) of the Federal Rules of Civil Procedure provides that the "court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The "liberality in granting leave to amend applies to requests to amend a complaint to add new parties." *Brown v. Kelly*, 244 F.R.D. 222, 227 (S.D.N.Y. 2007), aff'd in part, vacated in part on other grounds, 609 F.3d 467 (2d Cir. 2010).  In interpreting Rule 15(a), the Second Circuit has explained that "district courts should not deny leave unless there is a substantial reason to do so, such as excessive delay, prejudice to the opposing party, or futility." *Friedl v. City of New York*, 210 F.3d 79, 87 (2d Cir. 2000); see also *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993) ("The rule in this Circuit has been to allow a party to amend its pleadings in the absence of a showing by the nonmovant of prejudice or bad faith.").

Plaintiff filed the Amended Complaint on the same day the Court as the Initial Status Conference.  There has never been any dilatory motive, undue delay, or bad faith on the part of plaintiff.  The prior amendment was not done to address any deficiencies; it merely removed parties and amplified certain allegations.  The amendment will not impair the Scheduling Order entered by this Court, or effect the orderly process of discovery.

Finally, the proposed amendment is not futile.  As stated above, plaintiff seeks to withdraw the DMCA for the sake of efficiency, and amplify the claims on the editing and upload of the infringing material, and defendant's interstate commerce.

**Request**

Plaintiff respectfully requests the Court schedule a pre-motion conference on plaintiff's request for leave to file the attached Second Amended Complaint.

GARBARINI FITZGERALD P.C.

By: _Richard M. Garbarini_____
　　　Richard M. Garbarini

cc: Counsel for Defendant via ECF


Attached: Proposed Second Amended Complaint