Richard M. Garbarini (RG 5496)
GARBARINI FITZGERALD P.C.
250 Park Ave, 7th Floor
New York, New York 10177
Phone: (212) 300-5358
Fax: (888) 265-7054

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x

POSEIDON WAVE MEDIA LLC,                    Case No.: 26-cv-2835 (BMC)

                      Plaintiff,            **ECF CASE**

            v.                              **[PROPOSED] SECOND AMENDED
                                            COMPLAINT AND JURY DEMAND**
BEREAN ASSEMBLY OF GOD,                     **FOR DAMAGES FOR COPYRIGHT
                                            INFRINGEMENT**

                      Defendant.

-----------------------------------------------------------------x

     Plaintiff POSEIDON WAVE MEDIA LLC, by and through the undersigned counsel, brings this Amended Complaint and Jury Demand against defendant BEREAN ASSEMBLY OF GOD for damages based on copyright infringement and related claims pursuant to the Copyright Act and Copyright Revisions Act, 17 U.S.C. §§ 101, et seq. ("the Copyright Act" or "Act"). Plaintiff alleges below, upon personal knowledge as to itself, and upon information and belief as to other matters so indicated.

**JURISDICTION AND VENUE**

    1.    This court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 (federal question jurisdiction) and 1338(a) (jurisdiction over copyright actions).

**SPECIFIC JURISDICTION**

2.     Plaintiff is the sole owner of all rights to the original musical recordings and compositions titled: (i) "Faces in the Haze (Ambient)" – U.S. Copyright Registration No. SR 708-494; (ii) "Bump (Ambient)" – U.S. Copyright Registration No. SR 713-301; (iii) "Anything You Synthesize)" – U.S. Copyright Registration No. SR 713-287; (iv) "Oracle" – U.S. Copyright Registration No. SR 708-475; and (v) "First Day" – U.S. Copyright Registration No. SR 708-490 (the "Copyrighted Tracks"). See **Exhibit 1**.

3.     Defendant is a nondomiciliaries headquartered Oregon.

4.     Defendant, without a license or authority, reproduced, distributed, publicly displayed, and synchronized the Copyrighted Tracks to at least ten (10) videos (the "Infringing Videos").

5.     Three (3) of the Infringing Videos are stand-alone advertisements which are under two-minutes in length, and the other seven (7) Infringing Videos are long-form videos that contain infringing advertisements.

6.     Defendant's unlicensed reproduction, public display, distribution, and synchronization of the Copyrighted Tracks are intentional torts committed outside the state.

7.     At all times relevant to this Second Amended Complaint, defendant was well aware of the fact that it did not have a license for the Copyrighted Tracks.

8.     Defendant was informed by YouTube on at least five (5) occasions that the Infringing Videos contained unlicensed reproductions of the Copyrighted Tracks. See **Exhibit 2**, Defendant elected to continue to infringe after each notice from YouTube.

2

9.      Plaintiff, directly, and through counsel, served defendant with five (5) demands to cease-and-desist over a one-year period of time, yet defendant elected to continue to infringe after each demand to cease-and-desist from plaintiff and plaintiff's counsel.

10.      Defendant was informed on multiple occasions that its acts were damaging plaintiff and the Copyrighted Tracks in New York State and this Judicial District as described below.

11.      Defendant elected to continue to infringe plaintiff's rights to the Copyrighted Tracks, knowing its acts were damaging plaintiff and the Copyrighted Tracks in New York State and this Judicial District.

12.      Defendant generates significant revenue from interstate and international commerce.  Defendant is part of larger network that does missions across the U.S. and the world.

13.      Three (3) of the Infringing Videos are under two-minute advertisements for defendant, its events, and direct viewers to defendant's website where they can make donations.

14.      The other seven (7) long-form videos contain advertisements with unlicensed synchronized reproductions of the Copyrighted Tracks.

15.      Three (3) of the seven (7) long-form Infringing Videos contain an advertisement with an unlicensed synchronized reproduction of the Copyrighted Track "Bump (Ambient)" that seeks to generate revenue for defendant's project in Seville Spain.

16.      The other two long-form Infringing Videos contain advertisements with unlicensed synchronized reproductions of the Copyrighted Tracks which are commercials for defendant's projects and partners in Africa, and Missouri.

3

17.    Defendant supports missionary church plants and partners with the broader Oregon Ministry Network to advance global missions.  Defendant generates revenue to support its global effort.

18.    Defendant streams and uploads their videos to YouTube and Facebook to generate revenue from a national audience, and generate revenue for defendant and its national and international projects.

19.    Defendant receives grants from sources outside of Oregon.

20.    Defendant is not a stand-alone local business with no contact to interstate and international commerce, rather it is a business engaged in significant commerce outside of Oregon.

21.    Defendant is a partner with, and generates revenue for, the Boys and Girl Missionary Club ("BGMC") in Missouri, as well Speed the Light Youth Mission ("STL") in St. Louis, Missouri.

22.    The Infringing Videos were uploaded by defendant to YouTube and linked to Facebook, and nearly all of the infringing contact directs the viewer to defendant's website to donate, and/or seeks funding for defendant's national and international projects.

23.    Defendant uploaded the Infringing Videos to YouTube and linked them to Facebook (now Meta), and its intentional acts of infringement took place in interstate commerce.

24.    The Infringing Videos were created with machinery and editing software purchased in interstate and international commerce.  In fact, defendant could not function without with the materials purchased, and revenue generated, from interstate and international commerce.

4

25.     Defendant also holds events, and sells tickets through San Francisco, Ca based

EventBrite.  See screenshot below from defendant's Facebook page.



26.     Defendant outsources its Bible study to McKinnely, Tx based RightNow Media.

See screenshot below from defendant's Facebook page.



27.     Defendant process its revenue almost exclusively through external payment

providers, like Visa and Mastercard, and national banks, all of which can be accessed from

defendant's website located at www.bereanag.org>.

28.      Defendant invites foreign speakers and groups (and at times sells tickets through

EventBrite for those events).  See screenshot below from defendant's Facebook page.



29.     Defendant is a member/partner in various national organizations.

30.     Defendant created unlicensed advertisements, and streamed them to YouTube, for the sole purpose of generating revenue for itself, and its various international and national projects.

31.     Plaintiff suffered a particularized injury in this Judicial District from the intentional torts of defendant in this Judicial District as described below.

32.     Jurisdiction is conferred to this Court over defendant pursuant to CPLR § 302(a)(3)(ii).

## VENUE

33.     At bar, a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.  Venue is proper pursuant to28 U.S.C. § 1391(b)(1)-(3).

## DUE PROCESS

34.     There are no due process concerns in light of the fact that defendant committed numerous intentional torts against plaintiff knowing its unlawful acts were damaging plaintiff and the Copyrighted Tracks in this Judicial District.

## PARTIES

35.     Plaintiff POSEIDON WAVE MEDIA LLC ("POSEIDON") is a limited liability company formed under the laws of Wyoming with a primary headquarters located at 75-10 197th St, 2nd Floor, Flushing, NY 11366.

36.     Upon information and belief, defendant BEREAN ASSEMBLY OF GOD ("BEREAN") is a faith-based non-profit corporation organized under the laws of Oregon with a primary headquarters located at 147 75th St., Springfield, OR 97478.

## FACTS

37.     Plaintiff is the sole owner of all rights to the musical recordings and compositions titled: (i) "Faces in the Haze (Ambient)" – U.S. Copyright Registration No. SR 708-494; (ii)

6

"Bump (Ambient)" – U.S. Copyright Registration No. SR 713-301; (iii) "Anything You Synthesize" – U.S. Copyright Registration No. SR 713-287; (iv) "Oracle" – U.S. Copyright Registration No. SR 708-475; and (v) "First Day" – U.S. Copyright Registration No. SR 708-490 (the "Copyrighted Tracks"). See **Exhibit 1.**

38.    The two members of plaintiff are the sole authors of the Copyrighted Tracks.

39.    Defendant is a faith-based institution.

40.    Defendant has admitted it created at least at least ten (10) infringing videos (the "Infringing Videos"), and, without license or authority, reproduced, distributed, publicly displayed, and synchronized one or more of the Copyrighted Tracks to each of the Infringing Videos.

41.    There are numerous other Infringing Videos created by defendant, some of which are identified below.  It is very likely there are far more Infringing Videos which have been created by defendant, than are identified here.

42.    Defendant synchronized, without license or authority, the entirety or a significant portion of each Copyrighted Track.

43.    At no time has defendant denied the fact that it synchronized unlicensed reproductions of the Copyrighted Tracks to the Infringing Videos, nor has it proffered any excuse for its intentional acts of infringement, even when directed to do so by this Court.

## THE INFRINGING VIDEOS

44.    Three (3) of the Infringing Videos are short stand-alone advertisements that contain an unlicensed synchronized reproduction of either the Copyrighted Track "First Day". The Copyrighted Track is synchronized from the beginning to the end of each of the three (3) stand-alone advertisements.  The three (3) infringing stand-alone advertisements are titled: (i)

Fall Family Fun Fest at Berean - Sunday, October 30 at 4-6 PM, (ii) Fall Family Fun Fest - Volunteers Needed; and (iii) Fall Family Fun Fest Details.

45.     Defendant uploaded the above three (3) stand-alone advertisements directly to its YouTube page.  All three (3) infringing stand-alone advertisements are under two-minutes in length.

46.     Each of the three (3) infringing stand-alone advertisements are commercials for defendant's website, where people can donate, and also advertise events at defendant.

47.     The stand-alone advertisement for defendant and its website also appears in the Long Form Video titled "Family Sunday – Guest Illusionist: Scott Wolff – Live Stream 10/30/2022".

48.     Defendant created four (4) additional infringing under two-minute advertisements which defendant uploaded to YouTube as part of longer videos.  The four (4) additional advertisements uploaded to YouTube as part of longer videos are commercials seeking to generate revenue for defendant's national and international projects as follows:

| Infringing Commercial | Topic | Copyrighted Track | Infringing Videos it was Used |
|---|---|---|---|
| Seville Spain Project | Seeks to generate funds for project in Spain | Bump (Ambient) | The Wonder of Hope - Live Stream 11/27/2022<br>The Wonder of peace - Live Stream 12/4/2022<br>The Wonder of Joy - Live Stream 12/11/2022<br>Neighborhoods & Nations Convention - Live Stream 11/13/2022 |
| Easter Project | Seeks to generate revenue for project | Oracle | Take Courage part 1- Live Stream 3/5/2023 |
| Missions Convention | Seeks to generate funds for Africa project, BGMC, and STL | Anything You Synthesize | Neighborhoods & Nations Convention - Live Stream 11/13/2022 |

| Events | Defendant's website and event | Faces in the Haze (Ambient) | The Wonder of Hope - Live Stream 11/27/2022 The Wonder of peace - Live Stream 12/4/2022 The Wonder of Joy - Live Stream 12/11/2022 |
| --- | --- | --- | --- |

49.    Each of the seven (7) infringing long-form Infringing Videos at issue here contain one or more of the above infringing advertisements.

50.    The infringing commercials in the seven (7) infringing long-form Infringing Videos were streamed and uploaded directly to YouTube, and were not played during any "live" service.

51.    Regardless, by synchronizing and uploading the infringing content to YouTube without a license, defendant infringed plaintiff's rights as set forth in 17 U.S.C. § 106.

52.     Below is a chart of the ten (10 Infringing Videos distributed to YouTube by defendant which were the linked to defendant's Facebook page.

| Title | URL | Copyrighted Track | Time Stamp |
|-------|-----|-------------------|------------|
| The Wonder of Hope - Live Stream 11/27/2022 | www.youtube.com/watch?v=tOtbPOb2wj8 **Advertisements for (i) defendant and (ii) defendant's international project in Seville, Spain** | Faces in the Haze (Ambient) Bump (Ambient) | 27:05 27:59 |
| The Wonder of peace - Live Stream 12/4/2022 | www.youtube.com/watch?v=LA8NbCnIc1A **Advertisements for (i) defendant and (ii) defendant's international project in Seville, Spain.** | Faces in the Haze (Ambient) Bump (Ambient) | 27:05 27:59 |
| The Wonder of Joy - Live Stream 12/11/2022 | www.youtube.com/watch?v=3OEL187Rg5o **Advertisements for defendant and its international project in Seville, Spain** | Faces in the Haze (Ambient) Bump (Ambient) | 30:56 33:02 |
| Neighborhoods & Nations Convention - Live Stream 11/13/2022 | www.youtube.com/watch?v=AA9_K3y4BIM **Advertisements for (i) defendant's interstate projects in Missouri and international project in Africa, and (ii) defendant's project in Spain** | Bump (Ambient) Anything You Synthesize | 33:59 36:54 |
| Take Courage part 1- Live Stream 3/5/2023 | www.youtube.com/watch?v=1jpOUktH69o **Advertisement for defendant's Easter Project** | Oracle | 31:07 |

| | | | |
|---|---|---|---|
| Pray This Way 4 - Sin-Debt - Live Stream 11/6/2022 | www.youtube.com/watch?v=1hGL-JNmnqE<br><br>**Advertisement for defendant** | First Day | 41:38 |
| Fall Family Fun Fest at Berean - Sunday, October 30 at 4-6 PM | www.youtube.com/watch?v=1hGL-JNmnqE<br><br><br><br>**Stand-alone advertisement** | First Day | Start |
| Fall Family Fun Fest - Volunteers Needed | www.youtube.com/watch?v=LoygEsZD_nk<br><br>**Stand-alone advertisement** | First Day | Start |
| Fall Family Fun Fest Details | www.youtube.com/watch?v=YXPai38CvMs<br><br>**Stand-alone advertisement** | First Day | Start |
| Family Sunday – Guest Illusionist: Scott Wolff – Live Stream 10/30/2022 | https://www.youtube.com/watch?v=R9LNJLGPRfA<br><br><br>**Advertisement for defendant** | First Day | 41:38 |

53.    Defendant, without license or authority, created numerous additional videos with unlicensed synchronized reproductions of one or more of the Copyrighted Tracks which were

posted to defendant's YouTube page and linked to defendant's Facebook pages.  A partial list of the additional infringing videos is below:

- Pray This Way 4 - Sin-Debt - Live Stream 11/6/2022
- The Wonder of Hope - Live Stream 11/27/2022
- RVers Serving At Berean - Promo
- By Faith Part 16- Sunday - Live Stream 10/23/2022
- By Faith Part 14- Sunday - Live Stream 10/09/2022
- Pray This Way 3 - Sunday - Live Stream 10/02/2022
- By Faith Part 13 - Sunday - Live Stream 9/25/2022

54.     Upon information and belief, defendant created numerous other infringing videos which contain the aforementioned infringing advertisements which plaintiff has yet to identify.

55.     Undeniably, defendant has infringed plaintiff's rights to the Copyrighted Tracks as set forth in 17 U.S.C. § 106.  In fact, defendant has no defense to its clear acts of infringement.

56.     In fact, this Court issued an order on May 18, 2026 (Dkt. No. 11) requiring a Joint Letter be submitted to the Court.  In defendant's portion of the Joint Letter, it was required to address the claims of infringement and violations as follows:

> Defendant's portion of the letter may not assert a general denial, boilerplate affirmative defenses, or a need for further investigation, but must engage with the issues in the case.

57.     Defendant submitted a response to the May 18, 2026 Order that addressed only defendant's purported personal jurisdiction dispute. See Dkt. No. 23.

58.     Defendant did not deny the claims of infringement, as it was required to do by the Court's Order, because defendant cannot.

59.    Defendant infringed plaintiff's exclusive rights to the Copyrighted Tracks as set forth in Section 106 of the Act, and its knowledge of the infringements and failure to comply with numerous demands to cease-and-desist entitles plaintiff to five (5) enhanced statutory damage awards as set forth in Section 504(c)(3) of the Act.

## DEFENDANT'S MISREPRESENTATIONS

### a. Defendant's COVID Misrepresentation

60.    On July 14, 2026, defendant submitted a motion to dismiss the Amended Complaint in this matter, and falsely claimed the Infringing Videos were just live broadcasts of church service due to COVID.

61.    Defendant's claims are demonstrably false.

62.    As an initial matter, Oregon Governor Kate Brown lifted all of Oregon's COVID-19 restrictions on February 24, 2024 through an emergency declaration that was effective April 1, 2024.

63.    Defendant uploaded and streamed videos to YouTube for years after the COVID restrictions were lifted in Oregon.

64.    All of the Infringing Videos at issue were uploaded to the Internet by defendant after all COVID restrictions were lifted.

65.    Three (3) of the Infringing Video are stand-alone advertisements uploaded directly to YouTube by defendant advertising, inter alia, public events at defendant, and seeking volunteers for defendant's public events.  The three (3) infringing stand-alone advertisements are under two-minute advertisements, and were obviously not streamed during live events, and not streamed due to COVID restrictions or concerns.

13

###### i.   Family Fun Fest Details - Infringing Stand-Alone Advertisement

66.     The Infringing Video titled "Family Fun Fest Details" is 1:28 long, and was uploaded by defendant on October 22, 2026 to its YouTube page as an advertisement for defendant's Family Fun Fest event to be held on October 30, 2026.

67.     An unlicensed reproduction of the Copyrighted Track "First Day" is synchronized to the entire 1:28 of the Infringing Video "Family Fun Fest Details". See screenshot below:



68.     The Family Fun Fest advertisement has nothing to do with COVID, quite the opposite.  It advertises a gathering at defendant with hayrides, face-painting, and "family fun".

69.     The Infringing Video "Family Fun Fest Details" also advertises defendant's website throughout, where individuals can make donations to defendant.

###### ii.   Fall Family Fun Fest - Volunteers Needed - Infringing Stand-Alone Advertisement

70.     The Infringing Video titled "Fall Family Fun Fest - Volunteers Needed" is also under two minutes (1:34) long, and was uploaded by defendant on October 21, 2026 to its YouTube page as an advertisement requesting volunteers to help at the Family Fun Fest event to be held on October 30, 2026.  See screenshot below:



14

71.    An unlicensed reproduction of the Copyrighted Track "First Day" is synchronized to the entire 1:34 Infringing Video "Fall Family Fun Fest - Volunteers Needed".

72.    Defendant was clearly not concerned with COVID when it created the above advertisements requesting volunteers to appear, in person, at the public event it was holding.

### iii.    Fall Family Fun Fest at Berean - Sunday, October 30 at 4-6 PM - Infringing Stand-Alone Advertisement

73.    The Infringing Video titled "Fall Family Fun Fest at Berean - Sunday, October 30 at 4-6 PM" is also under two minutes (1:02) long, and was uploaded by defendant on October 6, 2026 to its YouTube page as an advertisement for its event to be held on October 30, 2026.  See screenshot below:



74.    The Infringing Video titled "Fall Family Fun Fest at Berean - Sunday, October 30 at 4-6 PM" is an advertisement for defendant's event as well as defendant's website which is also advertised throughout this Infringing Video.

75.    The Infringing Video titled "Fall Family Fun Fest at Berean - Sunday, October 30 at 4-6 PM" invites people for "Candy, Carnival Games, Inflatables, Hay Ride, Illusionist, Face Painting, Snacks Bar."

76.    Defendant's claim that the Infringing Videos were only uploaded due to COVID is beyond caval.

15

77.     The Infringing Video titled "Fall Family Fun Fest at Berean - Sunday, October 30 at 4-6 PM" is a pure advertisement for defendant's event and website where people can donate.

### b.    The Seven (7) Infringing Long-Form Videos

78.     All seven (7) long-form Infringing Videos have a full audience of people viewable during the breaks, and COVID was clearly not a concern of defendant, nor the reason why defendant uploaded, or streamed, seven (7) Infringing Videos with a live audience.

79.     Moreover, defendant continued to stream live services for years after COVID restrictions were lifted.

80.     Defendant intentionally misrepresented the facts to the Court in an attempt to circumvent its clear liability for its infringing conduct.

### DEFENDANT MISREPRESENTED THE INFRINGING CONTENT WAS PART OF A LIVE CHURCH SERMON

81.     Defendant falsely claimed in its motions that all ten (10) Infringing Videos were live streams of church sermons, and the infringing content was part of the church services.

82.     Defendant's representations were, and are, demonstrably false.  Not a single second of the infringing content at issue here was part of a church service.  One hundred percent of the infringing content consists of commercial advertisements that were streamed exclusively to YouTube, and/or uploaded directly to YouTube by defendant.

83.     Defendant, again, intentionally misrepresented the facts to the Court in an attempt to circumvent its clear liability for its infringing conduct.

84.     As stated above, three (3) of the Infringing Videos are stand-alone advertisements that are under two-minutes in length which were uploaded by defendant directly to YouTube and linked to Facebook.

16

85.    The three (3) stand-alone infringing advertisement are clearly not part of a church service; rather, they advertise: (i) events at defendant, (ii) seek volunteers for defendant's events, and (iii) advertise defendant's website where people can donate to defendant.

86.    The seven (7) "long-form" Infringing Videos contain advertisements with the infringing content, and that infringing content was streamed by defendant exclusively to YouTube during breaks in the church service, and was not played in the auditorium where the church service took place.

### i.    Pray This Way 4 - Sin-Debt - Live Stream 11/6/2022

87.    For example, in the Infringing Video titled "Pray This Way 4 - Sin-Debt - Live Stream 11/6/2022", defendant takes a break at 41:09 of the service. See below:



88.    As the above demonstrates, there are no church services going on at this point in the Infringing Video.

89.     At 41:38 in the Infringing Video titled "Pray This Way 4 - Sin-Debt - Live Stream 11/6/2022", defendant began broadcasting a recorded commercial which advertised defendant's event Family Fun Fest, and its website. See screenshot below:



90.     An unlicensed recording of the Copyrighted Track "First Day" is synchronized to the commercial advertisement in the Infringing Video which was streamed by defendant exclusively to YouTube only during the break in the church service.

91.     The infringing portion of the video titled "Pray This Way 4 - Sin-Debt - Live Stream 11/6/2022" was not played at, or during, the live service.

**ii.    The Wonder of peace - Live Stream 12/4/2022**

92.     As for another example, at 26:45 of the Infringing Video titled "The Wonder of peace - Live Stream 12/4/2022", the speaker says "Go ahead and say good morning to someone, and be seated", at which point there is a break in the service. See below:



18

93.    At 27:03 in the Infringing Video titled "The Wonder of peace - Live Stream 12/4/2022", defendant breaks from the live service, and from 27:03-37:55 defendant broadcasts various commercials directly to YouTube.

94.    From 27:05-27:58 of the subject Infringing Video, defendant begins streaming a commercial exclusively to YouTube with an unlicensed synchronized reproduction of the Copyrighted Track "Faces in the Haze (Ambient)".

95.    From 27:59-30:03 of the subject Infringing Video, defendant broadcast a commercial exclusively to YouTube with an unlicensed synchronized reproduction of the song "Bump (Ambient)"; this commercial is a request by defendant to generate revenue for its joint project in Seville, Spain. See below:



### iii.    The Wonder of Joy - Live Stream 12/11/2022

96.    As for another example, at 30:29 of the Infringing Video titled "The Wonder of Joy - Live Stream 12/11/2022", there is a break in the service. See screenshot below:



97.    At 30:56 in the subject Infringing Video, defendant begins to stream commercials exclusively to YouTube (they are not played live).

98.    From 30:56-31-45 of the Infringing Video titled "The Wonder of Joy - Live Stream 12/11/2022", defendant streamed a commercial advertising defendant and its events, directly to YouTube, with an unlicensed synchronized reproduction of the Copyrighted Track "Faces in the Haze (Ambient)".

99.    From 33:02-35:11 of the Infringing Video titled "The Wonder of Joy - Live Stream 12/11/2022", defendant streamed a commercial seeking to generate income for its project in Seville, Spain that contains an unlicensed synchronized reproduction of the Copyrighted Track "Bump (Ambient)".

100.    As is obvious from the above, not one of the infringing advertisements were part of a live service.

101.    Three (3) of the Infringing Videos are stand-alone advertisements under two-minutes in length which were uploaded by defendant separate and apart from any live service.

20

102.   The other seven (7) long-form Infringing Videos contain infringing advertisements which were streamed only to YouTube by defendant during breaks in the church service.  The infringing advertisements in these seven (7) Infringing Videos were for defendant, and its projects in Spain, Africa, and Missouri.

103.   Defendant falsely claimed that all ten (10) Infringing Videos were solely of live streams of church services.  This was a blatant and knowing misrepresentation by defendant.

104.   Defendant's deliberate misrepresentations were clearly designed to obfuscate its clear liability here, which defendant has yet to deny.

### NOTICES

105.   On at least five (5) occasions, defendant was notified by YouTube that plaintiff's Copyrighted Tracks were synchronized to the Infringing Videos. See **Exhibit 2**.

106.   Defendant elected to continue to infringe after each notice from YouTube.

107.   In April of 2025, plaintiff first became aware of defendant's infringing conduct. While plaintiff diligently attempts to protect its rights, defendant uploaded the Infringing Videos with no attribution or identifiers for the Copyrighted Tracks, making the Infringing Videos nearly invisible in the billions of videos uploaded to YouTube.

108.   On or about April 18, 2025, plaintiff served defendant with a notice to cease-and-desist its acts of infringement. See **Exhibit 3**.

109.   Defendant refused to respond to plaintiff's April 18, 2025 demand to cease-and-desist, and continued to infringe the Copyrighted Tracks; defendant refused to respond or cease-and-desist from its infringing activity.

110.   After waiting seven (7) months for a response from defendant, and for defendant to cease-and-desist, plaintiff was forced to engage counsel for the within dispute

21

111.    On or about November 25, 2025, plaintiff's counsel served defendant with a further demand to cease-and-desist. See **Exhibit 4**.  Defendant was put on notice that it was damaging the Copyrighted Tracks and had failed to cease-and-desist after the prior demand.

112.    The November 25, 2025 demand required defendant to cease-and-desist and to contact plaintiff's counsel to avoid a dispute.

113.    Again, defendant elected to ignore the November 25, 2025 demand to cease-and-desist, and continued to infringe.

114.    On April 16, 2026, plaintiff's counsel sent a further demand, and included a draft copy of the within complaint.  Defendant was put on notice, yet again, that it was damaging the Copyrighted Tracks and had failed to cease-and-desist after multiple prior demands. See **Exhibit 5**.

115.    Defendant elected to ignore the April 16, 2026 demand to cease-and-desist, and continued to infringe.

116.    On April 23, 2026, a final demand to cease-and-desist was served on defendant by plaintiff's counsel, along with copies of the draft complaint, and the November 25, 2025 demand to cease-and-desist. See **Exhibit 6**.  Defendant was directed, again, to cease-and-desist, and contact plaintiff's counsel to avoid a dispute.

117.    Defendant elected, yet again, to ignore the April 25, 2026 demand to cease-and-desist, and continued to infringe.

118.    Defendant's failure to comply with numerous demands to cease-and-desist, and its refusal to contact plaintiff or plaintiff's counsel to avoid a dispute, left plaintiff with no choice but to file the within action.  Defendant's acts evidence defendant's complete disregard to the law and plaintiff's rights.

119.    Defendant, as a matter of law, intentionally infringed plaintiff's rights as set forth in Section 106 of the Copyright Act, and plaintiff is entitled to its actual damages or five (5) statutory damage awards.  On the latter, only an award at the highest end of the scale set forth in Section 504(c)(3) of the Copyright Act will serve to stop defendant's continued acts of infringement.

## INDIVIDUALIZED DAMAGES

120.    Defendant's numerous acts of intentional infringement injured plaintiff and the Copyrighted Tracks in this Judicial District.

121.    Plaintiff's Copyrighted Tracks have been licensed by: (i) Warner Brothers for a major motion picture, (ii) Activision for its Spiderman II video game, and national advertising campaigns for companies like (iii) Yeti Coolers, (iv) DC Shoes, (v) Colgate, (vi) Apple, (vii) PBS, (viii) MLB Network, (ix) SONY, (x) the American Heart Association, as well as scores of other major organizations and brands.

122.    Plaintiff's Copyrighted Tracks have also been licensed for use in scores of television programs including, but not limited to: (i) Keeping Up with Kardasians (E Network), (ii) CSI Miami (CBS Television), (iii) 16 and Pregnant (MTV), (iv) The Real World (MTV), (v) NIKE Battlegrounds (MTV), (vi) Alaska the Last Frontier (Discovery), (vii) Bad Girls Club (Oxygen), (viii) 30 for 30 (ESPN), Human Planet (discovery, (ix) The Vineyard (ABC Family), and (x) World of Adventure Sports (NBC).

123.    Major companies will conduct searches prior to licensing a song, to make sure the targeting song has not been licensed by competitors, and is not associated with any polarizing group or ideology, among other things.

23

124.   To protect the Copyrighted Tracks, plaintiff maintains a strict policy of not issuing a license to any organizations that are faith-based or involved in: politics, gambling, alcohol, or drugs, among others, because that would dramatically erode future licensing opportunities.

125.   The vast majority of independent artists, perhaps substantially all, license their music through licensing agents.  Plaintiff, however, licenses its copyrighted recordings and compositions directly to avoid possible detrimental licenses being issued by intermediary licensing agents.

126.   Further, plaintiff's music is often categorized as "ambient" or "ethereal", which is one of the most successful musical categories for main-stream licensing opportunities.  These categories, however, are adjacent to the "spiritual" or "religious orientated" categories, which have severely impaired main-stream licensing opportunities.

127.   Moreover, faith-based organizations, like defendant, have a storied track-record of scandal and nefarious behavior, making them highly dangerous potential licensees.

128.   One need look no further than defendant's conduct here to prove the risks involved in licensing to such groups.  Defendant claims to have a heightened code of conduct, yet it created at least ten (10) Infringing Videos, knowing it didn't have a license for any of the Copyrighted Tracks.  Defendant then continued its infringing conduct despite five (5) demands to cease-and-desist.  Defendant then attempted to avoid its clear liability here through blatant misrepresentations to the Court, as discussed above.  This is the exact type of group plaintiff steadfastly avoids.

129.   At no time relevant to this Second Amended Complaint would defendant been issued a license for any use of the Copyrighted Tracks.

130. The forced association of the Copyrighted Tracks with defendant, a faith-based organization, has damaged the subject Copyrighted Tracks in an amount to be determined at the trial of this action.

131. This is an individualized injury suffered by plaintiff in New York State and this judicial District.

## DEFENDANT'S COMPLETE DISREGARD FOR THE LAW

132. Defendant ignored five (5) notices for YouTube and an equal number of demands to cease-and-desist from plaintiff and plaintiff's counsel. Defendant elected to continue to infringe after each, and stopped infringing plaintiff's rights only after it was served with a filed complaint.

133. Upon review of the Infringing Videos, and other videos uploaded by defendant to YouTube, it is readily apparent that there are scores of other musical compositions that have been reproduced, distributed, publicly displayed, and synchronized to defendant's video that are also apparently unlicensed.

134. Defendant has a complete and utter disregard for its obligations under the Copyright Act, and only a statutory award at the highest end of the scale set forth in Section 504(c)(3) of the Copyright Act will serve to stop defendant's continued acts of infringement.

## FIRST CLAIM FOR RELIEF
## COPYRIGHT INFRINGEMENT

135. Plaintiff incorporates the allegations contained in the preceding paragraphs as if set forth here at length here.

136. It cannot be disputed that plaintiff has valid, registered copyrights, and owns all rights to the Copyrighted Tracks.

137.    Defendant, without authority from plaintiff, reproduced, distributed, publicly displayed, and synchronized plaintiff's Copyrighted Tracks to at least ten (10) Infringing Videos, and likely many more.

138.    Defendant created and displayed the Infringing Videos for the sole purpose of commercial gain.

139.    Defendant refused to cease and desist after numerous demands from plaintiff and plaintiff's counsel.

140.    Defendant's use of the respective Copyrighted Tracks was not for criticism, comment, news reporting, teaching, scholarship, or research.

141.    Defendant's acts of infringement are not subject to any fair-use claim.

142.    Defendant's use of the respective Copyrighted Tracks was not transformative.

143.    Defendant elected to reproduce, synchronize, and/or distribute the respective Copyrighted Track without a license.

144.    Defendant continued to infringe after numerous demands to cease-and-desist.

145.    As a direct and proximate result of the defendant's acts of infringement of plaintiff's exclusive rights to the Copyrighted Tracks as set forth in Section 106 of the Act, plaintiff has incurred damages, and requests an award of defendant's profits in excess of plaintiff's compensatory damages, and plaintiff's compensatory damages, plus the reasonable costs, interest, and attorneys' fees incurred by plaintiff in this action.  Plaintiff may also elect to recover five (5) statutory damage awards pursuant to 17 U.S.C. § 504(c)(2) for willful infringement/reckless disregard of up to $150,000, plus the reasonable costs, interest, and attorneys' fees incurred by plaintiff in this action.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff prays for judgment against each defendant, and awarding plaintiff as follows:

1.    restitution of each of the defendant's unlawful proceeds in excess of plaintiff's compensatory damages;

2.    compensatory damages in an amount to be ascertained at trial;

3.    statutory damages awards to plaintiff according to proof, including but not limited to all penalties authorized by the Copyright Act (17 U.S.C. §§ 504(c)(1), 504(c)(2));

4.    reasonable attorneys' fees and costs (17 U.S.C. § 505);

5.    pre- and post-judgment interest to the extent allowable; and,

6.    such other and further relief that the Court may deem just and proper.

Plaintiff hereby demands a trial by jury of all issues so triable.

Dated: July 17, 2026                          GARBARINI FITZGERALD P.C.
       New York, New York

                                              By: _Richard M. Garbarini_____
                                                  Richard M. Garbarini (RG 5496)

27